MARGARET FEARS BLUMENTHAL *vs.* ALFRED C. BLUMENTHAL & another.

Norfolk.    April 7, 1939. — May 27, 1939.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Husband and Wife. Equity Jurisdiction,* To reach and apply equitable assets, Conveyance in fraud of creditors. *Words,* "To prevent fraud."

A wife cannot maintain a suit in equity in this Commonwealth against her husband, a resident of another State, under G. L. (Ter. Ed.) c. 109A; c. 214, § 3, (7), (8), or (9), to reach and apply equitable assets in satisfaction of a judgment which she had obtained in another State for damages due to his breach of a separation agreement between them; the amended form of § 6 of G. L. (Ter. Ed.) c. 215 was not applicable.

The rights given to a creditor in G. L. (Ter. Ed.) c. 109A did not extend to a wife so as to remove her incapacity to sue her husband upon a pecuniary judgment in an action of contract which she had obtained against him in another State.

BILL IN EQUITY, filed in the Superior Court on September 28, 1938.

A demurrer was sustained and the suit dismissed by decrees entered after a hearing by *Williams,* J.

*Lee M. Friedman,* for the plaintiff, submitted a brief.

*H. B. Ehrmann,* for the defendant Rogers.

RONAN, J.    The plaintiff alleges in this bill in equity, brought against her husband, a nonresident, and one Rogers, that she has recovered a judgment in the State of New York against her husband, as damages for his breach of a separation agreement entered into between herself and her husband; that the said judgment has not been satisfied; that her husband for the purpose of hindering, delaying and defrauding the plaintiff has transferred, without fair consideration, a large amount of property including certain corporate stocks and negotiable notes and accounts receivable to his sister, the defendant Rogers, a resident of this Commonwealth, which she holds as trustee or agent for the plaintiff's husband.    The bill seeks to set aside this conveyance to Rogers and to reach and apply the property

to the satisfaction of the judgment. Rogers, who was the only defendant upon whom service was made, filed a demurrer. The plaintiff appealed from an interlocutory decree sustaining the demurrer and from a final decree dismissing the bill.

We held in *Weidman* v. *Weidman,* 274 Mass. 118, that a wife, a resident of another State, who had recovered a judgment for alimony and counsel fees against her husband in that State, in proceedings for the annulment of their marriage, could not maintain a bill in equity in this Commonwealth to compel him to pay such a judgment, because, under our laws, she was incapacitated to sue him for the collection of a money obligation that could be recovered only in an action at law if the parties had not been husband and wife. Jurisdiction in equity of suits between husband and wife, in appropriate cases, was explained and affirmed, but it was pointed out that our courts are without jurisdiction to hear or determine a claim that is based entirely on a money indebtedness, by one spouse against the other. It was also decided that the full faith and credit clause of the Constitution of the United States (art. 4, § 1) did not require the recognition of such a judgment in any State that did not have a court empowered to enforce it. That decision has been affirmed in a subsequent case. *Giles* v. *Giles,* 279 Mass. 284; *S. C.* 293 Mass. 495.

If a remedy is to be provided for those in the situation of the plaintiff, then relief must be sought from the Legislature. St. 1933, c. 237, amending G. L. (Ter. Ed.) c. 215, § 6, was enacted after the decision in the *Weidman* case, but it does not apply to the present case because the bill alleges that Blumenthal is a resident of the State of New York.

The plaintiff contends that she is a creditor as defined by the first section of the uniform fraudulent conveyance law, G. L. (Ter. Ed.) c. 109A, and that, the bill being framed to set aside a fraudulent conveyance and to reach and apply property that cannot be attached at law, she is entitled under the provisions of G. L. (Ter. Ed.) c. 109A, § 7; c. 214, § 3, (7), (8) and (9), to this statutory remedy. It is true that the plaintiff comes within the literal descrip-

tion of a creditor as set forth in c. 109A, § 1, as she "is a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent," but the section is a portion of a chapter which must be construed in conjunction with all other pertinent statutes so as to form a consistent and harmonious statutory system. *Decatur* v. *Auditor of Peabody*, 251 Mass. 82. *Tillson* v. *Springfield*, 258 Mass. 72. *Hite* v. *Hite*, 301 Mass. 294. The legislative intent in defining the term creditor was to extend the benefits of the fraudulent conveyance statutes to those having unliquidated, unmatured or contingent claims; but the extension was based entirely on the nature of the claim, and the statute evidences no intent to remove an incapacity inherent in the status of a wife which both by the common law and by statute (G. L. [Ter. Ed.] c. 209, § 6) prevents her from suing her husband for the collection of a debt. *Golder* v. *Golder*, 235 Mass. 261. *Gahm* v. *Gahm*, 243 Mass. 374. Compare *Edgerly* v. *Equitable Life Assurance Society*, 287 Mass. 238; *Lubowitz* v. *Taines*, 293 Mass. 39. The rights given to a creditor by the statute in question do not extend to a wife having only a bare pecuniary claim against her husband. The phraseology of the uniform fraudulent conveyance law must be read in conjunction with the legislative aim, and words of broad significance cannot be construed to apply to those who, by established law and by the provisions of existing statutes, are prevented from being included within the sweep of the act, even though it is couched in general terms. It was said in *Zoulalian* v. *New England Sanatorium & Benevolent Association*, 230 Mass. 102, at page 105, that "It has often been held that certain persons or classes of persons are excepted by implication out of a statute expressed in general words, the rule being that where the words of a law in their common and ordinary significance are sufficient to include such persons or classes of persons 'the virtual exception must be drawn from the intention of the Legislature, manifested by other parts of the law; from the general purpose and design of the law; and from the subject matter of it.' *Bradford* v. *French*, 110 Mass. 365, 367.

*McCall* v. *Parker*, 13 Met. 372, 381." See *Conklin* v. *John Howard Industrial Home*, 224 Mass. 222; *Commonwealth* v. *Welosky*, 276 Mass. 398. Indeed, the statutes providing for the special equitable remedies upon which the bill purports to be based have been limited in their application, so as not to conflict with other statutes specially dealing with particular property, and have been construed as not indicating an intent that such property could be reached for the benefit of creditors. *Travelers Ins. Co.* v. *Maguire*, 218 Mass. 360. *Rosenberg* v. *Robbins*, 289 Mass. 402. These remedial statutes have been held not to apply to a plaintiff who, on account of other statutory provisions, is incapable of bringing suit against certain defendants. *William J. McCarthy Co.* v. *Rendle*, 222 Mass. 405. *Wilson* v. *Central Vermont Railway*, 239 Mass. 80.

Suits in equity to set aside a fraudulent conveyance and to reach and apply certain kinds of property to the satisfaction of the plaintiff's claim are not cognizable as subjects of general equitable jurisdiction but are the creations of statutes conferring special equitable jurisdiction upon the courts. *Powers* v. *Raymond*, 137 Mass. 483. *Pettibone* v. *Toledo, Cincinnati & St. Louis Railroad*, 148 Mass. 411. *Stockbridge* v. *Mixer*, 215 Mass. 415. *Geen* v. *Old Colony Trust Co.* 294 Mass. 601.

These statutory remedies furnish a method by which a claim at common law, when proved to be valid, may be satisfied out of the debtor's property. The essential basis of the proceeding is an indebtedness that could ordinarily be enforced in an action of contract, and the nature of the claim is in no way changed by the form of procedure. The claim is asserted in the form of a bill of complaint in order that, if proved, it may have the benefit of an equitable remedy to secure its satisfaction. The remedy is incidental to the claim. If the claim is not established, then the whole proceedings fail and the bill must be dismissed. *Bloch* v. *Budish*, 279 Mass. 102, 106. *Westfield Savings Bank* v. *Leahey*, 291 Mass. 473, 475. A bill to reach and apply has been referred to as an equitable attachment or as an equitable trustee process. *Geer* v. *Horton*, 159 Mass. 259.

*Travelers Ins. Co.* v. *Maguire,* 218 Mass. 360. *Weinberg* v. *Brother,* 263 Mass. 61. *Todd* v. *Pearce,* 291 Mass. 455. In referring to a bill to reach and apply it was recently said by this court that "At the outset it should be noted that the statute under which this suit is prosecuted creates no substantive rights. In its relation to specific property it merely provides means for the application of assets of a debtor to the satisfaction of claims whose origin is elsewhere. Its function in this aspect is wholly procedural or adjective in character." *McCarthy* v. *Rogers,* 295 Mass. 245, 247. The statutes upon which the present bill is based furnish a convenient and expeditious method by which creditors may satisfy their claims but they do not create claims. Procedure unrelated to an enforceable substantive right is an idle ceremony. *National Fertilizer Co.* v. *Fall River Five Cents Savings Bank,* 196 Mass. 458, 462. *Fourth National Bank of Boston* v. *Mead,* 214 Mass. 549, 551. *Locomobile Co. of America* v. *Commonwealth,* 232 Mass. 16. *Commonwealth* v. *Andler,* 247 Mass. 580.

It was stated in *Gahm* v. *Gahm,* 243 Mass. 374, at page 376, that "There is jurisdiction in equity over suits between husband and wife to secure her separate property, to prevent fraud, to relieve from coercion, to enforce trusts and establish other conflicting rights concerning property." That statement in its identical form or in substantially similar language has since been repeated. *Moreau* v. *Moreau,* 250 Mass. 110, 113. *Druker* v. *Druker,* 268 Mass. 334, 338. *Giles* v. *Giles,* 279 Mass. 284, 286. *Taylor* v. *Ashe,* 284 Mass. 182, 187. *Novick* v. *Novick,* 299 Mass. 15, 16.

The plaintiff contends that she comes within these general principles in that her suit is brought "to prevent fraud." The phrase cannot be wrested from its context and stressed to support a proposition entirely foreign to what the court had in mind in employing the words in question. *Swan* v. *Justices of the Superior Court,* 222 Mass. 542, 545. *Eaton* v. *Walker,* 244 Mass. 23, 32. Moreover, it is shown by the supporting authorities cited when the principle was stated in *Gahm* v. *Gahm,* 243 Mass. 374, that

it could not be held to apply to a bill seeking the collection of a money judgment. In *Barbour* v. *Sampson*, 266 Mass. 180, which was a bill in equity brought by a widow against the estate of her husband to recover for loans made to a partnership of which he was a member, the case of *Gahm* v. *Gahm*, 243 Mass. 374, was cited, at page 182, to support the statement that "The law in this Commonwealth is established that the wife cannot maintain proceedings either at law or in equity against the husband, or his estate after his death, or the partnership, or the surviving partner to compel repayment for money so lent." The matter was finally settled in *Giles* v. *Giles*, 279 Mass. 284, where, after quoting the above statements from the *Gahm* case, it was said that the wife was a creditor of her husband and could not maintain a bill for the collection of her claim. It is plain that the words "to prevent fraud" in the statement upon which the plaintiff relies have been held not to include a proceeding by a wife merely to collect a debt from her husband and nothing more.

In the present case, the bill alleges that the property in the possession of Rogers is the property of Blumenthal. The plaintiff does not claim any right, title or interest in this property. According to the allegations of the bill no one other than her husband has any interest in the property that the plaintiff is attempting to reach. No decree in favor of the plaintiff could be entered without affecting his interests. He was a necessary party, *Lawrence* v. *Smith*, 201 Mass. 214; *Bauer* v. *Mitchell*, 247 Mass. 522, but the failure of the plaintiff to make service upon Blumenthal is immaterial. Jurisdiction over the subject matter is conferred by law and not by the acts of the parties, and the want of service does not eliminate the incapacity of the plaintiff to sue her husband to collect her debt. The case in its salient features is indistinguishable from *Weidman* v. *Weidman*, 274 Mass. 118. The interlocutory decree sustaining the demurrer is affirmed. The final decree dismissing the bill must be affirmed with costs.

*Ordered accordingly.*