Louis H. Casson & another, trustees, *vs.* Nicholas
Petrellis & another.

Middlesex.    December 5, 1962. — January 2, 1963.

Present: Wilkins, C.J., Whittemore, Cutter, Kirk, & Spiegel, JJ.

*Fraudulent Conveyance.*

Evidence that a purchaser of real estate put the property in the name of
his wife "because he owed a lot of creditors at that time" would warrant
a finding that under G. L. c. 109A, § 7, there was a fraudulent convey-
ance as to a subsequent creditor of the purchaser.

Bill in equity filed in the Superior Court on December
28, 1960.

The suit was heard by *Smith, J.*

*Louis H. Casson* for the plaintiffs.

No argument nor brief for the defendants.

Spiegel, J.    This is a bill in equity in which the plain-
tiffs seek to reach and apply the equity in certain properties
in the name of one defendant in satisfaction of a judgment
against the other defendant.    The plaintiffs have appealed
from a final decree dismissing the bill.    The evidence is
reported.

On June 24, 1960, the plaintiffs, as trustees of the 224
Tremont Street Realty Trust, recovered a judgment, with
costs, against Nicholas Petrellis in a total amount of
$1,689.96.    Thereafter, the defendant Nicholas Petrellis
was examined by counsel for the plaintiffs in a hearing held
at the First District Court of Eastern Middlesex.    Subse-
quently, the plaintiffs filed this suit in the Superior Court
alleging that "Nicholas Petrellis has placed the aforemen-
tioned property in his wife's name to avoid creditors from
attaching the same to satisfy claims against him."

There was evidence that at the hearing on supplementary
process, Nicholas Petrellis testified to the purchase by him,
in 1946 and 1953, respectively, of two pieces of real estate in

Everett, and "that on the advice of counsel he had put the property in his wife's name because he owed a lot of creditors at that time." At the conclusion of the testimony the trial judge made "Findings and Order for Decree" which reads in part: "It did not appear in the evidence and I am unable to find that at the time of the purchase of the property . . . Nicholas owed any creditors, and particularly the . . . [plaintiffs]. If it be admitted that he made such a statement, it is uncertain whether he meant to put the property beyond the reach of future creditors or whether it was intended to hinder and defraud present creditors, and as against the present . . . [plaintiffs] it did not appear in the evidence that the conveyance was made to defraud them."

In view of the testimony above referred to it was error for the judge to find that "[i]t did not appear in the evidence . . . that at the time of the purchase of the property . . . Nicholas owed any creditors . . .."

It was also error to draw the distinction between present and future creditors. General Laws c. 109A, § 7, states: "Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay or defraud *either present or future creditors,* is fraudulent as to *both* present and future creditors" (emphasis added). *David* v. *Zilah,* 325 Mass. 252, 256.

Accordingly the decree must be reversed and the case is to be further heard in the Superior Court in conformity with this opinion.

*So ordered.*