George R. DESMOND, Trustee, Plaintiff, Appellant,

v.

Marilyn J. MOFFIE, Defendant, Appellee.

No. 6839.

United States Court of Appeals First Circuit.

April 13, 1967.

---

**743**

set aside any transfer of property by the bankrupt which is fraudulent or voidable under applicable state law.

Plaintiff alleged facts which would render the conveyance in question voidable under the Massachusetts Uniform Fraudulent Conveyance Law. Mass.Gen. Laws ch. 109A (1932). Defendant countered with a motion for summary judgment on the ground that this is an action sounding in tort and therefore is barred by the two year statute of limitations applicable to suits on tort claims. Mass. Ann.Laws ch. 260, § 2A (1952). The district court granted defendant's motion.

On appeal, plaintiff contends that his suit is not barred because it is founded on contract and hence is governed by the six year limitation applicable to contract actions. Mass.Gen. Laws ch. 260, § 2 (1932). This is the only issue raised by this appeal.

■■■ In Massachusetts the statutes of limitation applicable to law actions based on contract and tort are also applicable to suits in equity. Kagan v. Levenson, 334 Mass. 100, 134 N.E.2d 415, 62 A.L.R.2d 704 (1956). In deciding which statute applies in a given case, it is necessary to determine the essential nature of plaintiff's claim. Kagan v. Levenson, supra. In Blumenthal v. Blumenthal, 303 Mass. 275, 21 N.E.2d 244 (1939), the court held that the essential basis of the statutory proceeding to set aside a fraudulent conveyance is an *indebtedness* that could ordinarily be enforced in an action of contract, and that the nature of the claim is in no way changed by the form of procedure. Accord, State of Rio De Janeiro v. E. H. Rollins & Sons, 299 N.Y. 363, 87 N.E.2d 299, 14 A.L.R.2d 594 (1949); see Salvucci v. Sheehan, 349 Mass. 659, 212 N.E.2d 243 (1965); cf. Viera v. Menino, 322 Mass. 165, 76 N.E. 2d 177, 179 (1947). Accordingly, since this claim is based on contract rather than tort, it follows that the two year

George R. Desmond, Framingham, Mass., for appellant.

Leonard M. Salter, Boston, Mass., for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

In this action plaintiff trustee in bankruptcy seeks to set aside as fraudulent a conveyance of certain Massachusetts real estate made by the bankrupt to his wife in January 1962. The suit, which was commenced on August 22, 1966,[1] is based on Section 70(e) of the Bankruptcy Act.[2] Under this section a trustee in bankruptcy stands in the shoes of a creditor who has a provable claim and may

1. The petition in bankruptcy was filed on June 6, 1966 and plaintiff was appointed trustee on June 29, 1966.

2. 11 U.S.C. § 110(e) (1).

statute of limitations is not applicable here and plaintiff's suit is not barred.

Judgment will be entered vacating the judgment of the district court and remanding the case for further proceedings not inconsistent with this opinion.