**In re STEVENS LINEN ASSOCIATES, INC., Debtor.**

**STEVENS LINEN ASSOCIATES, INC., Plaintiff,**

v.

**Hugh W. CRAWFORD, Jr. and Glenfed Financial Corporation, Defendants.**

**Bankruptcy No. 93–40042–JFQ.
Adv. No. 93–4062.**

United States Bankruptcy Court,
D. Massachusetts.

July 14, 1993.

John Woodward, Seder & Chandler, Worcester, MA, for plaintiff Stevens Linen Associates, Inc.

Joseph W. Allen, III, Dunn, Leader & Allen, Worcester, MA, C. Hall Swaim, C. Hall Swaim, Hale and Dorr, Boston, MA, for Hugh W. Crawford, Jr.

Richard L. Levine, Hill & Barlow, Boston, MA, for Glenfed Financial Corp.

## OPINION

JAMES F. QUEENAN, Jr., Chief Judge.

This is a fraudulent transfer action brought by the debtor in possession, Stevens Linen Associates, Inc. ("Stevens"), seeking to avoid transfers made and obligations incurred in connection with a 1988 leveraged buyout of all its outstanding capital stock. The defendants are Hugh W. Crawford, Jr. ("Crawford"), who held most of the stock sold, and Glenfed Financial Corporation ("Glenfed"), which financed the transaction. Pursuant to section 544(b) of the Bankruptcy Code, Stevens seeks to assert for the benefit of all creditors the fraudulent transfer rights of three creditors under the Uniform Fraudulent Conveyance Act, in effect in Massachusetts as Chapter 109A of the Massachusetts General Laws. Now before the court are motions to dismiss the complaint filed by Crawford and Glenfed on the ground the action is time-barred because the controlling Massachusetts statute of limitations is the three year statute applicable to actions of tort, Mass.Gen.L. ch. 260, § 2A.

The allegations of the complaint, summarily stated and taken as true for the purpose of these motions, disclose the following. On September 28, 1988, Management Acquisition Corporation ("MAC"), a Massachusetts corporation capitalized at $200,000 and owned by individuals named Gregory Kline and Gary Piontkowski, entered into an agreement with Crawford and the other Stevens stockholders to purchase all their capital stock. The aggregate purchase price was $10,143,770, of which all but $1 million was to be paid in cash. At the closing on October 12, 1988, the following occurred: (i) MAC merged into Stevens, (ii) Glenfed loaned Stevens $9.5 million and disbursed most of the funds directly to Crawford and the other selling stockholders, (iii) Stevens issued promissory notes totaling $1 million payable to Crawford and the other sellers, (iv) Stevens entered into a "Confidentiality and Non–Competition" agreement with Crawford under which it agreed to pay him an additional $1.5 million, and (v) Stevens granted mortgages and security interests on all its property securing these various obligations.

The complaint contains fraudulent transfer counts against Crawford and Glenfed under the insolvency and unreasonably small capital sections of the Massachusetts statute. It also seeks to equitably subordinate the debts of Stevens and Glenfed to the claims of other creditors. The fraudulent transfer counts rely upon the claims of three creditors which were in existence in 1988 and are still in existence. One claim arises under a 1976 pension agreement and the other two under 1970 stock purchase agreements.

Having filed its chapter 11 petition on January 7, 1993, Stevens commenced this adversary proceeding on March 12, 1993. Unlike the Uniform Fraudulent Transfer Act in force in a growing number of states, the Uniform Fraudulent Conveyance Act in effect in Massachusetts and a few other jurisdictions has no special statute of limitations. This raises the question of what statute of limitations applies, the six year statute governing contract claims (Mass. Gen.L. ch. 260, § 2) or the three year statute governing tort claims (Mass.Gen.L. ch. 260, § 2A). Application of the three year tort statute would bar this action.

Citing *American Jurisprudence* 2d, Crawford and Glenfed contend most jurisdictions which have adopted the Uniform Fraudulent Conveyance Act have applied a tort statute of limitations to fraudulent transfer actions. *See* 37 Am.Jur.2d Fraudulent Conveyance § 194 at 854 (1968 ed. & 1992 Supp.). That may be. The Ninth Circuit, however, has held that a fraudulent transfer action sounds not in tort but in quasi-contract principles of unjust en-

richment, so as to be governed by the contract statute of limitations. *See United States v. Neidorf*, 522 F.2d 916 (9th Cir. 1975). In any event, the defendants concede, as they must, that Massachusetts law controls. They and Stevens differ sharply on what that law is.

A review of the Massachusetts case law, and the First Circuit's interpretation of that case law, leaves no doubt on the point. On the general question of applying the tort or contract statute of limitations, without specific reference to fraudulent transfers, the Supreme Judicial Court of Massachusetts looks to "the 'gist of the action' or the essential nature of the plaintiff's claim." *Hendrickson v. Sears*, 365 Mass. 83, 310 N.E.2d 131, 132 (1974) (legal malpractice claim).

With respect to fraudulent transfer actions, the Massachusetts court has consistently regarded the gist of the action for statute of limitations purposes to depend upon the nature of the claim under which the plaintiff is a creditor. It regards the fraudulent transfer action as merely a remedy for that underlying claim.

The decision forming the basis for this line of cases did not involve a statute of limitations at all, but it set the pattern for those that did. In *Blumenthal v. Blumenthal*, 303 Mass. 275, 21 N.E.2d 244 (1939), a wife holding a judgment for breach of a separation agreement sought to set aside various conveyances made by her husband as transfers in fraud of creditors. Massachusetts did not then permit suits between husband and wife. The wife sought to circumvent this prohibition by asserting her status as a "creditor" under the Massachusetts enactment of the Uniform Fraudulent Conveyance Act in effect in Massachusetts, Mass.Gen.L. ch. 109A. The court rejected the argument, stating:

These statutory remedies furnish a method by which a claim at common law, when proven to be valid, may be satisfied out of the debtor's property. The essential basis of the proceeding is an indebtedness that could ordinarily be enforced in an action of contract, and the nature of the claim is in no way changed by the form of procedure. The claim is asserted in the form of a bill of complaint in order that, if proved, it may have the benefit of an equitable remedy to secure its satisfaction. The remedy is incidental to the claim. 21 N.E.2d at 246.

The First Circuit has relied on *Blumenthal* in resolving the very statute of limitation issue raised by the present motions. In *Desmond v. Moffie*, 375 F.2d 742 (1st Cir.1967), a trustee in bankruptcy sought to employ the rights of a contract claimant to set aside an allegedly fraudulent transfer. The court cited *Blumenthal* for the proposition that the essential nature of a fraudulent transfer action depends upon the nature of the claim which the plaintiff seeks to have satisfied. It therefore concluded the longer contract statute of limitations applied.

The defendants argue other Massachusetts decisions destroy the authority of *Desmond*. They point first to *Moseley v. Briggs Realty Co.*, 320 Mass. 278, 69 N.E.2d 7, 10 (1946), where the Massachusetts court said: "The present suit falls within the class of equitable 'actions of tort.'" It is true that *Moseley* involved a fraudulent transfer claim against stockholders, which arose from the debtor paying dividends while insolvent. But the plaintiff also asserted a cause of action against the debtor's directors under Mass. Gen.L. ch. 156, § 37 for improper approval of the dividends. The court made the quoted statement in the course of its discussion of the statute of limitations applicable to the action against the directors. The court was obviously referring only to that cause of action. It is disingenuous to contend otherwise. The court later referred to the statute of limitations applicable to the fraudulent transfer action. But here it said only: "The proper analogue in this case is an action of contract or of tort, which may be commenced 'within six years after the cause of action accrues.' G.L. (Ter.Ed.) c. 260, § 2." Section 2 then imposed a six year limitations period for actions of both contract and tort, so the court did not have to rule on the nature of the

suit for limitations purposes. Presumably this is why in *Desmond* the First Circuit did not cite *Moseley.*

The defendants nevertheless contend a Massachusetts decision after *Desmond* demonstrates the tort statute of limitations governs fraudulent transfer actions. *Foster v. Evans,* 384 Mass. 687, 429 N.E.2d 995 (1981), the defendants say, settled the question in their favor. To the contrary, *Foster* squarely holds the statute of limitations governing fraudulent transfer claims depends not upon the nature of the fraudulent transfer action but rather upon the nature of the debt which the plaintiff seeks to satisfy from the property transferred. In *Foster,* the plaintiff had recovered judgment on a promissory note signed by the defendants in connection with their purchase of the plaintiff's business. The plaintiff then brought suit to set aside an allegedly fraudulent conveyance and have the property applied in satisfaction of the judgment. The court held the action was not time-barred because the underlying claim was based on a judgment entitled to a twenty year statute of limitations. The court rejected the contention that *Moseley* stands for the proposition that the tort statute of limitations governed fraudulent transfer actions. It pointed out the ruling in *Moseley* applying the tort statute of limitations referred to the cause of action for the statutory liability of directors, not the fraudulent transfer count.

In summary, the Massachusetts decisions, particularly *Foster,* establish that the statute of limitations in a fraudulent transfer action is the statute applicable to the claim which made the plaintiff a creditor. They regard the fraudulent transfer action as merely a remedy for collecting that claim rather than an action which of itself has to be squeezed into a tort or contract category for limitations purposes. The underlying claims asserted in the present fraudulent transfer action are unquestionably based upon contract. Indeed, one of these claims arises from a contract under seal, which has its own twenty year statute of limitations. *See* Mass.Gen.L. ch. 260 § 1. Hence either the six year or twenty year statute applies. Thus this adversary proceeding is not time-barred.

A separate order has issued denying the motions.