In re Alvin GOLDSTEIN, Debtor.

Donald R. LASSMAN, as he is Trustee in Bankruptcy of Alvin Goldstein, Plaintiff,

v.

Alvin GOLDSTEIN, Individually and as Trustee of Appleton Trust, and Lisa Saladini, Defendants.

Bankruptcy No. 93–18450–CJK. Adv. No. A95–1552.

United States Bankruptcy Court, D. Massachusetts.

March 29, 1996.

Thomas J. Raftery, Boston, MA, for Trustee.

Robert S. Potters, Boston, MA, for Defendants.

### MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

CAROL J. KENNER, Chief Judge.

By his complaint in this adversary proceeding, the Plaintiff, Donald L. Lassman, as he is Chapter 7 Trustee in this bankruptcy case, seeks to avoid and preserve for the benefit of this estate a $200,000 mortgage given by the Debtor, Alvin Goldstein, to Lisa Saladini on March 27, 1990. The Trustee contends that the conveyance can be avoided under G.L. c. 109A, § 4.[1] The Defendants concede that Debtor made the conveyance and received no consideration for it; but they deny that he was insolvent when the conveyance was made. The matter is before the Court on the Trustee's motion for summary judgment, whose focus is on the element of insolvency.

If the party moving for summary judgment would bear the burden of proof at trial, that party bears the initial burden of supporting its motion with such evidence as at trial would suffice to establish each essential element of its case. The Trustee bears the burden of proving that the Debtor was insolvent at the time of the conveyance. *In*

*re Morse Tool, Inc.,* 148 B.R. 97, 130–131 (Bankr.D.Mass.1992). A person is insolvent within the meaning of G.L. c. 109A "when the present fair salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured." G.L. c. 109A, § 2. In support of his motion, the Trustee has adduced evidence that at the time of the transfer, the Debtor had assets worth $3,095,000, contingent liabilities of at least $10,182,000, and other liabilities of $862,000. In response, the Defendants have submitted evidence—which the Trustee has moved to strike as inadmissible—that by virtue of the collateral securing the contingent liabilities and of the Debtor's substantial rights of indemnity and contribution with respect to those liabilities, his net liability on the contingent liabilities was only $450,000.

Without regard to the Defendant's evidence, the Trustee has not satisfied his burden of proof. To establish insolvency, he must do more than establish that debts exceeded assets. The statute requires proof that assets were exceeded not by existing debts but by "probable liability" on existing debts. G.L. c. 109A, § 2. Contingent liability is not *per se* probable. To establish that a contingent liability was probable, the Trustee must show that its contingency was likely to occur, such that the liability was likely to become fixed. He has offered no evidence of probability. Therefore, the contingent liabilities cannot at this juncture be counted as probable, the Trustee has failed to establish insolvency, and his motion for summary judgment must be denied.

The Trustee's proof also fails for lack of evidence to establish his standing under § 544(b) of the Bankruptcy Code to bring this avoidance action.[2] Under § 544(b), the Trustee bears the burden of proving the existence of a qualified unse-

---

1. Section 4 provides:
   Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration.
   G.L. c. 109A, § 4.

2. Section 544(b) provides:

   The Trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.
   11 U.S.C. § 544(b).

cured creditor: a creditor holding an allowable unsecured claim who could bring the same avoidance action the Trustee is bringing. *In re Morse Tool, Inc.,* 148 B.R. at 131. Standing under G.L. c. 109A, § 4 is limited to creditors whose claims against the debtor were in existence at the time the conveyance was made. *Id.* The Trustee has submitted no evidence to satisfy this requirement.

### ORDER

For the reasons set forth above, the Trustee's Motion for Summary Judgment is hereby DENIED.