In re Gary S. LOWENSTEIN, Debtor.

Joseph Braunstein, Trustee of the Estate of Gary S. Lowenstein, Plaintiff,

v.

Gary S. Lowenstein, Janice M. Lowenstein, Daniel Torre, Trustee of the P.A. Holding Trust, and Richard Thomas, Trustee of the RT Realty Trust, Defendants.

Bankruptcy No. 03–14052–JNF.
Adversary No. 03–1492.

United States Bankruptcy Court, D. Massachusetts.

July 12, 2004.

---

Jeffrey D. Ganz, Esq., Reimer & Braunstein LLP, Boston, MA, for plaintiff.

Gary R. Greenberg, Esq., Greenberg Traurig LLP, Boston, MA, for defendants.

**MEMORANDUM**

JOAN N. FEENEY, Chief Judge.

## I. INTRODUCTION

The matter before the Court is the Defendants' Motion for Judgment on the Pleadings. The Court heard the Motion for Judgment on the Pleadings and the Trustee's Opposition on May 5, 2004. Following the hearing, the Chapter 7 Trustee

submitted copies of the following documents which were executed under seal by Gary S. Lowenstein (the "Debtor") or his business partner, Michael Tulman ("Tulman"): 1) a $1,500,000.00 Mortgage Note to Bank of New England, N.A., dated June 9, 1987;2) a $125,000.00 Demand Loan Note to Boston Safe Deposit and Trust Company, dated March 15, 1989; 3) a $250,000.00 Time Note to First Mutual of Boston, dated April 28, 1989; an 4) a First Mutual of Boston Guaranty, dated April 28, 1988. Each document submitted by the Trustee provides that it is "deemed to be under seal," or that it "will take effect as a sealed instrument."

Because the Court is considering these documents, the Defendants' Motion for Judgment on the Pleadings shall be treated as a motion for summary judgment with respect to the issue raised by the Defendants, namely that the applicable statute of limitations bars the Trustee's suit. *See* Fed.R.Civ.P. 12(c), made applicable to this proceeding by Fed. R. Bankr.P. 7012. The issues presented are whether the Trustee can rely upon the twenty year statute of limitations applicable to "[a]ctions upon contracts under seal," *see* Mass. Gen. Laws ch. 260, § 1, or whether the Trustee's Complaint is time barred, as the Defendants maintain, because a shorter limitations period applies. For the reasons set forth below, the Court finds that the Trustee's Complaint is not barred by either a six year or four year statute of limitations which the Defendants urge this Court to adopt. Accordingly, their Motion shall be denied.

## II. THE TRUSTEE'S COMPLAINT

The Trustee filed a two-count Complaint on November 26, 2003. Through his Complaint, he sought to avoid and recover transfers of the Debtor's property pursuant to 11 U.S.C. §§ 544(b) and 550. According to the Trustee, these transfers occurred over ten years ago between March 1, 1990 and June 30, 1993, at which time the Uniform Fraudulent Conveyance Act, Mass. Gen. Laws ch. 109A, § 1 et seq. (repealed)(the "UFCA"), was in effect.

The Trustee alleged that from 1976 through 1991 the Debtor, a certified public accountant, was engaged in business with Tulman; that the Debtor and Tulman were partners in a wide range of business activities, including an accounting practice and a real estate investment business; and that, as part of their real estate investment business, "the Debtor borrowed and/or guaranteed repayment of millions of dollars in loans from financial institutions in Massachusetts and elsewhere...." The Trustee listed, as examples, four financial institutions which were owed money by the Debtor, including United States Trust Company, which obtained a final judgment against him on or about April 29, 1992 in an amount exceeding $610,000; Boston Safe Deposit and Trust Company, which obtained a final judgment against him on January 15, 1992 in an amount exceeding $120,000; and First Mutual Savings Bank [sic], which obtained a final judgment against him on July 19, 1993 in an amount exceeding $300,000.

The Trustee alleged in his Complaint that the Debtor pled guilty to bank fraud in the United States District Court for the District of Rhode Island in 1996. The Trustee also alleged that prior to that date the Debtor obtained interests in property which he subsequently transferred either when judgments were imminent or had entered. The judgments and transfers can be summarized as follows:

| Date of Transfer | Transfer | Judgement Creditor | Date of Judgment |
| --- | --- | --- | --- |
| 2/28/90 | Harbor Road to Ms. Lowenstein | Boston Safe Deposit and Trust Company | 1/15/92 |
| 3/1/90 | Edgewater Place and Sagamore Place transferred to P.A. Holding Trust | United States Trust Company | 4/29/92 |
| 6/3/93 | Oxford Road to RT Realty Trust | First Mutual Savings Bank | 7/19/93 |

As the chart shows, the June 3, 1993 transfer followed the entry of judgments against the Debtor in favor of Boston Safe Deposit and Trust Company and the United States Trust Company, while the first two transfers preceded the entry of three judgments.

The Trustee set forth two counts in his Complaint as follows: Count I: To avoid and recover the transfers pursuant to 11 U.S.C. §§ 544(b) and 550 and Mass. Gen. Laws ch. 109A, §§ 7 and 9;[1] and Count II: To avoid the transfers pursuant to 11 U.S.C. §§ 544(b) and 550 and Mass. Gen. Laws ch. 109A, §§ 4, 5, 6, and 9.[2]

---

**1.** Section 7 provides: "Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay or defraud either present or future creditors, is fraudulent as to both present and future creditors." Mass. Gen. Laws Ann. ch. 109A, § 7 (repealed 1996). Section 9 provides in relevant part the following:

(1) Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such a purchaser–

(a) Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim....

*Id.* at § 9.

**2.** Section 4 provides: "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insol-

## III. POSITIONS OF THE PARTIES

### A. *The Defendants*

The Defendants argue that the Trustee's Complaint is time barred. They make several points in their Memorandum. Citing, *inter alia, Desmond v. Moffie,* 375 F.2d 742, 743 (1st Cir.1967), and *In re Granderson,* 214 B.R. 671 (Bankr.D.Mass. 1997), they initially argue that the limitations period is six years because the Trustee is seeking to recover an indebtedness through his fraudulent conveyance claim which is a statutory claim akin to an action on a contract.

The Defendants also argue that the Supreme Judicial Court of the Common-

---

vent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without fair consideration." Mass. Gen. Laws ch. 109A, § 4 (repealed 1996). Section 5 provides in pertinent part: "Every conveyance made without fair consideration when the person making it is engaged or is about to engage in a business or transaction, for which the property remaining in his hands after the conveyance is an unreasonably small capital, is fraudulent as to creditors ... without regard to his actual intent." *Id.* at § 5. Section 6 provides: "Every conveyance made and every obligation incurred without fair consideration when the person making the conveyance or entering into the obligation intends or believes that he will incur debts beyond his ability to pay as they mature is fraudulent as to both present and future creditors." *Id.* at § 6.

wealth of Massachusetts, if called upon to do so, would apply the statute of limitations set forth in the Uniform Fraudulent Transfer Act, Mass. Gen. Laws Ann. ch. 109A, § 10 retroactively, even though it ruled in *First Fed. Sav. & Loan Ass'n of Galion, Ohio v. Napoleon,* 428 Mass. 371, 701 N.E.2d 350 (1998), that the substantive provisions of the UFTA are prospective only. The Defendants contend that, if either the Supreme Judicial Court of Massachusetts or the United States Court of Appeals for the First Circuit were confronted with the issue, they would rule that the UFTA's four year/one year limitations period would apply so as to bar the Trustee's action.

In their Reply Memorandum in Response to Trustee's Post Hearing Submission on Motion for Judgment on the Pleadings, the Defendants, citing, *inter alia, Frost v. Thompson,* 219 Mass. 360, 367, 106 N.E. 1009 (1914),[3] further argue as follows:

> Under well-established Massachusetts law, when claims under promissory notes or contracts are finally resolved by the courts, the promissory notes or contracts merge into the judgment and no longer have any independent legal significance. Whatever limitations would have applied to such claims on the promissory notes and guaranty prior to judgment cannot control the limitations period applicable to the post-judgment claim of the Trustee for fraudulent conveyance. The promissory notes and guaranty had no continuing independent legal significance after the judgments, and could not be sued upon either by the original payee or by anyone claiming rights in its stead.

With respect to the *absence* of a limitation period for judgments, *see* Mass. Gen. Laws ch. 260, § 20 (" A judgment decree of a court of record of the United States or of any state thereof shall be presumed to be paid and satisfied at the expiration of twenty years after it was rendered."), the Defendants state that "[i]n no sense would such a period act as a true statute of limitations to bar a claim based on the passage of time." They add:

> The Trustee rightly does not argue that because there is no Massachusetts regular limitations period that bars enforcement of a judgment that no statute of limitations applies to his fraudulent conveyance claim. At some point in time, property transfers must be immune form attack, and not even the Trustee in this case advocates the extreme position that the judgments free him from any time limits on fraudulent conveyance claim.

### B. *The Plaintiff*

The Trustee argues that his Complaint is not time barred because the statute of

---

3. In *Frost,* the court stated:

> The doctrine of merger is that a cause of action, when reduced to a judgment, has ceased to exist as an independent liability, and has changed its nature and is transmuted into the obligation created by the judgment, which is different in kind and essential characteristics from the initial cause of action. It has been said that 'a judgment is an absolute merger of a debt by simple contract, so that no action can afterwards be maintained upon the original promise.'

219 Mass. at 367, 106 N.E. 1009. The court added:

> The doctrine of merger, like res judicata, operates only between parties and their privies. It does not affect strangers to the original proceeding and is not available as a bar in their favor.... As was said by Holmes, J., in *Vanuxem v. Burr,* 151 Mass. 386, 388, 24 N.E. 773, 21 Am. St. Rep. 458 [(1890)]: 'Instances are too numerous and familiar to need extended mention, where the mere recovery of a judgment is held no bar to another action, although the satisfaction of it would be.'

*Id.* at 367–68, 106 N.E. 1009.

limitations set forth in Mass. Gen. Laws Ch. 260, § 1 applies.[4] He states: "[w]here the action is based 'upon bills, notes or other evidences of indebtedness issued by a bank' a twenty-year statute of limitations applies." The Trustee observes that the Debtor listed over $8 million in debt that was incurred no later than 1989; that all of the debt arose from promissory notes, instruments of guaranty, and other "evidence of indebtedness;" that none of the claims listed by the Debtor in his Schedules were identified as unliquidated, contingent or disputed and that "all or most of them [the claims] had been reduced to judgment by the time the Debtor filed his bankruptcy petition."

In his post-hearing memorandum, the Trustee supplemented his initial argument to rely upon the statute of limitations applicable to "[a]ctions upon contracts under seal" in addition to "[a]ctions upon bills, notes or other evidence of indebtedness issued by a bank." Citing *Foster v. Evans*, 384 Mass. 687, 696–97, 429 N.E.2d 995 (1981), *Hoult v. Hoult*, and *Campana v. Pilavis (In re Pilavis)*, 233 B.R. 1, 9–10 (Bankr.D.Mass.1999), he observes that the Supreme Judicial Court and other courts have applied the statute of limitations governing the claim underlying the fraudulent conveyance action. The Trustee states: "These courts were not seeking to re-litigate the underlying claims or revive clams that had been merged with any judgment; they were merely seeking a logical reference point from which to draw an appro-

priate statute of limitations." Citing *Carter v. Exchange Trust Co.*, 220 Mass. 543, 546–47, 108 N.E. 359 (1915), the Trustee adds the following:

> The doctrine of merger does not prevent this Court from undertaking the analysis mandated by the SJC. The doctrine affects a party's ability to challenge or collaterally attack the initial cause of action once judgment is entered.

He also states:

> Defendants correctly note that if the underlying cause of action is found to be a judgment, then the Court will have been given no help in finding a reference point for a statute of limitations because there is no statute of limitations specifically governing the enforcement of judgments. The Defendants fail to recognize, however, that simply looking to the nature of a fraudulent conveyance action, instead of to the claim underlying the fraudulent conveyance action, yields a similarly dissatisfactory result. If the SJC had intended that all such actions under UFCA would be subject to a uniform, six year statute of limitations, there would be no need to look to the underlying clam in each instance. Consequently, to make sense of *Foster v. Evans* and its progeny, the Court must look on step further—to the statute of limitations governing the claim underlying the fraudulent conveyance claim—for the appropriate reference point.

4. Section 1 of Chapter 260 provides:
    The following actions shall be commenced only within twenty years next after the cause of action accrues:
    First, Actions upon contracts under seal.
    Second, Actions upon bills, notes or other evidences of indebtedness *issued by a bank.*
    Third, Actions upon promissory notes signed in the presence of an attesting witness, if brought by the original payee or by his executor or administrator.
    Fourth, Actions upon contracts not limited by the following section or by any other law.
    Fifth, Actions under section thirty-two of chapter one hundred and twenty-three to recover for the support of inmates in state institutions.
    Mass. Gen. Laws. ch. 260, § 1 (emphasis supplied).

## IV. DISCUSSION

### A. *The Defendants' Motion for Judgment on the Pleadings*

#### 1. Does the Trustee have Standing?

To determine the Defendants' Motion for Judgment on the Pleadings, the Court must first determine whether the Trustee may "step into the shoes" of the judgment creditors. The Trustee relies upon 11 U.S.C. § 544(b)(1) and does not address § 544(a). With respect to § 544(b)(1), the court in *Mi–Lor Corp. v. Gottsegen (In re Mi–Lor Corp.)*, 233 B.R. 608 (Bankr.D.Mass.1999), stated:

> Under section 544(b)(1) of the Bankruptcy Code, "the trustee [or the debtor in possession pursuant to § 1107(a)] may avoid any transfer of an interest of the debtor in property ... that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502...." 11 U.S.C.A. § 544(b)(1)(Law.Co-op.1997). So long as such a creditor exists, the trustee may assert that creditor's avoidance rights for the benefit of the entire bankruptcy estate and all its creditors, not just for the benefit of that creditor in the amount of the creditor's claim. *See Moore v. Bay*, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133 (1931).

233 B.R. at 614. Similarly, the court in *Lassman v. Goldstein (In re Goldstein)*, 194 B.R. 1, 2–3 (Bankr.D.Mass.1996), stated that "[u]nder § 544(b), the Trustee bears the burden of proving the existence of a qualified unsecured creditor: a creditor holding an allowable unsecured claim who could bring the same avoidance action the Trustee is bringing." The court in *Goldstein* added that standing under Mass. Gen. Laws. ch. 109A, § 4, pertaining to conveyances that are constructively fraudulent, is limited to creditors whose claims against the debtor were in existence at the time the conveyance was made. *Id.*

Notably, however, under § 7 of the UFCA, conveyances made with actual intent to defraud are fraudulent both as to present and future creditors. In other words, under § 7 creditors whose claims arise after the conveyance are not barred from seeking the avoidance of the transfer. *See Hoult v. Hoult*, 862 F.Supp. 644, 650 (D.Mass.1994) ("[E]ven if a person is not a 'creditor' at the time of a transfer of property, if it can be shown, as it was in both the *David v. Zilah*, 325 Mass. 252, 90 N.E.2d 343 (1950) and *Themo[v. Themo*, 296 Mass. 190, 5 N.E.2d 26 (1936)]cases, that transfers were made with intent to defraud future creditors, i.e., persons who, although creditors at the time of suit, were not creditors at the time of the transfers, the transfers may be set aside under the statute.").

In this case, the Trustee has alleged that all of the claims listed by the Debtor are undisputed, noncontingent and liquidated. In his Complaint, he also has alleged that the Debtor defaulted on his obligations to at least four of his creditors and at least three creditors hold judgments against the Debtor, although he did not specify whether executions have issued on the judgments. Moreover, he seeks avoidance of the transfers under both § 4 and § 7 of the UFCA. Accordingly, the Court finds that under 11 U.S.C. § 544(b)(1), the Trustee has standing to avoid for the benefit of the entire bankruptcy estate and its creditors the transfers of interests of the Debtor in property because of the existence of judgment creditors holding unsecured claims. The Defendants do not dispute the existence of the judgment creditors, and the Debtor listed them on his Schedule of unsecured claims.

2. The Applicable Statute of Limitations

Unlike the UFTA, the UFCA did not contain a statute of limitations. Thus, to determine whether to grant or deny the Defendants' Motion, the Court must determine the statute of limitations applicable to the Trustee's claims.

As a preliminary matter, this Court finds that the Defendants' argument that *Granderson* was wrongly decided lacks merit. This Court shall not reconsider its decision in *Granderson*. Moreover, although this Court in *Granderson* cited *Desmond v. Moffie*, 375 F.2d 742, 743 (1st Cir.1967), for the proposition that a six year statute of limitations applied to fraudulent conveyance claims, the Court was not asked to address in that case the issue that it must decide in the instant case, and dicta in that case cannot control the outcome in this case.

Notably in *Desmond*, a case in which the bankruptcy trustee sought to set aside, as fraudulent, a conveyance of Massachusetts real estate made by the debtor to his spouse under § 70(e) of the Bankruptcy Act, the First Circuit stated:

> In Massachusetts the statutes of limitation applicable to law actions based on contract and tort are also applicable to suits in equity. *In deciding which statute applies in a given case, it is necessary to determine the essential nature of plaintiff's claim.* In *Blumenthal v. Blumenthal*, 303 Mass. 275, 21 N.E.2d 244 (1939), the court held that the essential basis of the statutory proceeding to set aside a fraudulent conveyance is an indebtedness that could *ordinarily* be enforced in an action of contract, and that the nature of the claim is in no way changed by the form of the procedure. Accordingly, since this claim is based on contract rather than tort, it follows that the two year statute of limitations is not

applicable here and plaintiff's suit is not barred.

375 F.2d at 743–44 (emphasis supplied) (citations omitted).

The precise issue now before this Court was decided in *Stevens Linen Assocs., Inc. v. Crawford (In re Stevens Linen Assocs., Inc.)*, 156 B.R. 718 (Bankr.D.Mass.1993). In that case, the bankruptcy court specifically considered a fraudulent transfer action involving contracts under seal. In *Stevens Linen Assocs., Inc.*, the debtor-in-possession brought a fraudulent conveyance action seeking to avoid transfers made and obligations incurred with respect to a 1988 leveraged buyout of all its outstanding capital stock. Noting that the plaintiff relied upon the claims of three creditors which were in existence and were still in existence at the time of suit, the bankruptcy court stated that "the Massachusetts court has consistently regarded the gist of the action for statute of limitations purposes to depend upon the nature of the claim under which the plaintiff is a creditor. It regards the fraudulent transfer action as merely a remedy for that underlying claim." *Id.* at 720. The bankruptcy court, in discussing both *Desmond v. Moffie* and *Foster v. Evans* concluded that "the statute of limitations in a fraudulent transfer action is the statute applicable to the claim which made the plaintiff a creditor. They regard the fraudulent transfer action as merely a remedy for collecting that claim rather than an action which of itself has to be squeezed into a tort or contract category for limitations purposes." *Id.* at 721. The bankruptcy court in denying the defendants' motions to dismiss found the underlying claims were "unquestionably based upon contract," adding that "one of these claims arises from a contract under seal, which has its own twenty year statute of limitations." *Id.*

The Supreme Judicial Court in *Foster* intimated that a twenty-year limitations period applied to actions on judgments. The court considered an action brought by a judgment creditor, in equity, to reach and apply property that had been fraudulently conveyed by a judgment debtor. In considering the defendants' arguments that a six year statute of limitations applied to actions to rescind fraudulent conveyances and that the statute of limitations commenced on the date of the conveyance, the court in *Foster* stated:

> Here, the claim asserted by the plaintiff in the Probate Court suit was created by the entry of a judgment in his favor against the defendant Philip W. Evans. The plaintiff seeks in this suit to reach Philip W. Evans's interest in property standing in the name of another who acquired legal title only, without consideration and for the express purpose of defeating the rights of the plaintiff and other creditors. As this court did in *Moseley v. Briggs Realty Co., supra,* [320 Mass. 278, 69 N.E.2d 7 (1946)] *we apply here the period of limitation applicable to the underlying claim, in this case the twenty-year period applicable to actions on judgments. G.L. c. 260, § 1.*"

384 Mass. at 696–97, 429 N.E.2d 995 (footnotes omitted, emphasis supplied).

The United States District Court for the District of Massachusetts in *Hoult v. Hoult,* No. 88–1738–DPW, 2002 WL 1009378 (D.Mass.2002), analyzed the italicized language used by the Supreme Judicial Court in *Foster,* recognizing that § 1

of chapter 260, "does not speak to the 20-year limitation on judgments; rather it provides a 20–year statute of limitations for actions on promissory notes."[5]    In *Hoult,* a case involving an action brought by the victim of sexual abuse against her father, the plaintiff alleged that various transfers were made by her father with the actual intent to defraud creditors at a time when she was a creditor. The district court, citing *In re Pilavis,*[6] observed the following:

> [T]he Supreme Judicial Court has held that the appropriate statute of limitations for an action under MUFCA is the statute of limitations which is "applicable to the underlying claim." "Underlying claim" means "the claim which made the plaintiff a creditor in the first place." It is the "essential nature" or "gist" of the plaintiff's claim that controls. The reason for this rule is the view that these actions are "merely a remedy to the underlying claim."

2002 WL 1009378 at *3 (citations omitted). The court added:

> *Defendants, however, contend that Foster erroneously adopted a 20–year statute of limitations applicable to collections on judgments because there is, in fact, no such statutory 20–year limitation. Rather, the statute merely creates a rebuttable presumption that after 20 years a judgment has been satisfied. Mass. Gen. Laws ch. ch. 260, § 20. Put another way, Foster was relying on a non-existent statute of limitations.*

\*        \*        \*        \*        \*        \*

---

5.  *See* Mass. Gen. Laws ch. 260, § 1, cl. 3.

6.  In *Pilavis,* the court interpreted *Foster* to hold that the "the appropriate limitations period on a UFCA action is borrowed from the statute of limitations applicable to the claim which made the plaintiff a creditor in the first place." *Id.* at 9. It determined that the plain-

tiff's underlying claim was a legal malpractice action, which arose in 1990, that his fraudulent conveyance action was governed by the three-year statute of limitations applicable to legal malpractice claims, and that the action was thus time barred. *Id.* at 10.

Review of the Supreme Judicial Court's analysis in *Foster* does raise concerns about its internal consistency. I note that in *Foster* the Supreme Judicial Court expressly stated: "we apply here the period of limitation applicable to the underlying claim, in this case the twenty-year period applicable to actions on judgments." *Foster*, 384 Mass. at 697, 429 N.E.2d 995 (emphasis added). In drawing this ultimate conclusion, however, the Court cited as statutory authority Mass. Gen. Laws ch. 260, § 1. That section does not speak to the 20–year limitation on judgments; rather it provides a 20–year statute of limitations for actions on promissory notes. This raises the question whether the Court erroneously used the word "judgment" instead of "promissory note".

*Id.* at *3–*5 (emphasis supplied).

The decisions in *Desmond v. Moffie, Foster v. Evans, Stevens Linen Assocs., Hoult* and *Pilavis* undermine the Defendants' argument that the Court should not consider the nature of the underlying claims of the judgment creditors because the claims have merged into the judgments. Although the decision in *Foster* is subject to criticism because of the apparent erroneous reference to a twenty year statute of limitations for judgments, all the cases direct the court's attention to the nature of the underlying claims. The cases cited by the Defendants simply do not cut the broad swath for which they are cited. Even assuming that the claims of the creditors have merged into judgments, the cases cited simply do not support the proposition that a court is precluded from examining the underlying claims for purposes of determining the applicable statute of limitations.

The courts in *Pilavis* and *Hoult* interpreted *Foster* so as to diminish the significance of the last phrase of the sentence, "we apply here the period of limitation applicable to the underlying claim, *in this case the twenty-year period applicable to actions on judgments.*" The court in *Hoult* concluded it contained a scrivener's error, while the court in *Pilavis* concluded that the court was utilizing the twenty year statute of limitations applicable to promissory notes. In any event, the Court is persuaded that these decisions do not support the position advanced by the Defendants. The Court finds that the analysis in *Hoult* is relevant to the Court's determination of the applicable statute of limitations and rejects the Defendants' statement in their Reply Memorandum that "once the claim on a promissory note or contract has gone to judgment ... no action at all is maintainable on the note or the contract because they have ceased to have independent legal significance." A fraudulent conveyance action is a remedy that should not be thwarted by putting blinders on a court, precluding it from examining the claim that made the judgment creditor a creditor in the first place. *See Hoult*, 2002 WL 1009378 at *3.

Federal and state courts in Massachusetts have consistently looked to the "gist" of the underlying claim as a reference point for determining the applicable statute of limitations regardless of whether the claim has been reduced to judgment. In this case, there can be no doubt that the "gists" of the claims held by the judgment creditors are based upon contracts, and, because those contracts were executed under seal, the Trustee is entitled to rely upon the statute of limitations applicable to contracts under seal.

The Defendants essentially argue that because the creditors have obtained judgments the Court should be deprived of examining the "gist" of their underlying claims; and because there is no statute of limitations applicable to judgments, only a

presumption that they have been satisfied in twenty years, the Trustee should be barred from pursing a fraudulent conveyance action against them. The authority they cite is insufficient for this Court to depart from the precedent in this jurisdiction following *Foster*.

In view of the foregoing authority, the Court concludes that the Trustee is entitled to rely upon Mass. Gen. Laws, ch. 260, § 1 with respect to contracts under seal. Moreover, the Trustee has established that there exist creditors with judgments extant at the time of at least one of the allegedly fraudulent transfers who were also "future creditors" with respect to the remaining transfers.

## V. CONCLUSION

In view of the foregoing, the Court shall enter an order denying the Defendants' Motion.

### ORDER

In accordance with the Memorandum dated July 12, 2004, the Court hereby denies the Defendants' Motion for Judgment on the Pleadings.