THEODORE THEMO *vs.* PANDEL THEMO & others.

Suffolk.    November 12, 1936. — December 2, 1936.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Bills and Notes*, Delivery.  *Equity Jurisdiction*, Conveyance in fraud of creditors.

A determination by a master, that a promissory note had been properly delivered to the payee by one who held it for the parties under an escrow agreement, was conclusive where it appeared that subsidiary findings were not inconsistent therewith and there was no report of the evidence.

In a suit in equity under G. L. (Ter. Ed.) c. 214, § 3 (9), to reach and apply to payment of a debt property conveyed by the debtor with actual intent to defraud his creditors, it was immaterial, under G. L. (Ter. Ed.) c. 109A, § 7, whether the plaintiff was a creditor at the time of the conveyance or became such later.

BILL IN EQUITY, filed in the Superior Court on February 8, 1936.

An interlocutory decree confirming a report by a master and a final decree granting the plaintiff relief were entered by order of *Sheehan*, J. The defendants Themo appealed.

The case was submitted on briefs.

*T. E. Shasta*, for the defendants Themo.

*M. Palais*, for the plaintiff.

QUA, J. By means of this suit the plaintiff seeks to establish the debt due to him as payee of a promissory note dated January 3, 1933, signed by the defendant Pandel Themo, and to reach and apply in payment certain shares of stock in the defendant corporation standing in the name of the defendant Aphrodite Themo, who is the wife of Pandel Themo.

A master's report containing findings generally favorable to the plaintiff, to which there were no exceptions, has

been confirmed by interlocutory decree, and a final decree has been entered granting to the plaintiff the relief prayed for. The defendants Pandel Themo and Aphrodite Themo appeal from both decrees.

The defendant Pandel Themo contends that the plaintiff secured possession of the note in suit in violation of the terms of an escrow agreement under which, as he alleges in his answer, one Goldberg, an attorney, was to hold the note "until such time as the parties thereto had an accounting together to determine the amount due" to the plaintiff, if anything, on an earlier note between the same parties. The master does not find that the note in suit was delivered to Mr. Goldberg to hold until an accounting should in fact be had or until the parties should agree upon a balance, but finds that it was to be held "until Pandel Themo should have an opportunity and chance to meet and confer with Theodore Themo for the purpose of an accounting"; that "Pandel Themo did nothing about conferring or meeting with the plaintiff" until November, 1935, nearly three years after the note in suit was placed in escrow, when the plaintiff "secured" the note from Mr. Goldberg; that in December, 1935, unsuccessful attempts were made to agree upon an accounting; that when the plaintiff reported to Mr. Goldberg that he could not come to an agreement, Mr. Goldberg did not ask that the note be returned to him, but advised the plaintiff to sue upon it; and that "As far as the same may be a question of fact," the plaintiff "rightfully secured the possession of the note." All this, although not entirely clear, is to be construed as amounting in substance to a finding that the terms of the escrow agreement were not what the defendants contend they were, and that the escrow was finally carried out by delivery of the note now in suit to the plaintiff in accordance with the true agreement. Such findings of a master, whether of subsidiary or of ultimate facts, not being inconsistent with each other, and in the absence of a report of the evidence, must stand. *MacLeod* v. *Davis*, 290 Mass. 335.

The master finds that a transfer of the stock made by

Pandel Themo to his wife on December 5, 1934, was without consideration and was made with actual intent to defraud his creditors. It is immaterial whether the plaintiff was a creditor at the time of the transfer or became such later upon the final delivery of the note in suit. A conveyance made with actual intent to defraud either present or future creditors is fraudulent as to both present and future creditors. G. L. (Ter. Ed.) c. 109A, § 7. *Woodbury* v. *Sparrell Print*, 187 Mass. 426, 428.

We have dealt with all matters argued by the defendants.

*Interlocutory decree affirmed.*

*Final decree affirmed with costs.*