[Civ. No. 12964.   Second Dist., Div. Two.   Oct. 1, 1941.]

YOKOHAMA SPECIE BANK, LTD. (a Corporation), Plaintiff, v. S. KITASAKI et al., Defendants; MASAMI SASAKI, Appellant; YANA KAI, Respondent.

Albert E. Coger for Appellant.

John Y. Maeno for Respondent.

WOOD, J.—Appeals are prosecuted from orders purporting to release "the levy and attachment of real property standing in the record and name of Yana Kai."

The Yokohama Specie Bank on September 11, 1930, recovered a judgment in the sum of $8000.25 against M. Kai and others. This judgment was assigned to Masami Sasaki in July, 1940. Yana Kai was not a party to the action. On July 26, 1940, Masami Sasaki caused a writ of execution to be issued on the judgment and caused the sheriff to levy upon "all the right title and interest of M. Kai" in certain real estate in Montebello. No attempt was made to levy

upon any interest that Yana Kai might have in this property. Without being made a party to the action, Yana Kai presented to the court on August 20, 1940, a motion ''for an order directing that the writ of attachment in this case be discharged, and/or that the writ of attachment of the property described in the writ be released as to any and all right, title and interest in and to the said described property up to and including April 12, 1940, and that the writ of attachment, if any, be limited specifically to any right, title or interest of the defendant, M. Kai, in and to said described property as acquired subsequent to April 12, 1940: On the ground that the matter is *res adjudicata* as to any and all right, title and interest in and to said described property up to and including August 12, 1940.'' She filed an affidavit in which she stated that the Yokohama Specie Bank had filed a separate action against her and others to determine title to the real estate described in ''the present attachment'' and that the action had been settled and dismissed with prejudice. Apparently all the parties and the court treated Yana Kai's motion to release the ''attachment'' as a motion to release the real property from the levy of July 26, 1940.

It is apparent that respondent has attempted to apply the provisions of section 689 of the Code of Civil Procedure to a case in which a levy has not been made upon personal property. It has been held that section 689 is applicable only in cases involving personal property and that title to real property cannot be determined by proceedings under the section. (*First National Bank* v. *Kinslow*, 8 Cal. (2d) 339 [65 Pac. (2d) 796].) The remedy of a person claiming to be the owner of real property sold under execution for the debt of another is an action to quiet title to the real property sold.

Respondent has filed a brief herein in which it is set forth that appellant ''meanwhile'' commenced an action in the superior court against respondent ''to have a declaratory judgment entered, determining all the right, title and interest of the parties in and to said real property.'' It is set forth in the brief that this action was tried in the superior court and judgment rendered in favor of respondent on June 25, 1941. The findings of fact upon

which the last mentioned judgment is based are set forth in the brief and respondent now argues that the issue involved in this appeal has become moot. Assuming that the matter set forth in respondent's brief can be considered by us in view of the record, it is nevertheless apparent that no showing is made that the judgment of June 25, 1941, has become final. Indeed, counsel for appellant has filed in this court a statement from which it is apparent that an appeal has been duly taken from the judgment of June 25, 1941. It is evident that the issue has not become moot.

The orders are reversed.

Moore, P. J., and McComb, J., concurred.