[Civ. No. 12003.   First Dist., Div. Two.   Dec. 30, 1942.]

MASAMI SASAKI, Appellant, v. YANA KAI, Respondent.

Albert E. Coger for Appellant.

John Y. Maeno for Respondent.

DOOLING, J. pro tem.—This is an appeal from a judgment quieting the title of defendant Yana Kai to a parcel of real property. Appellant is the assignee of a judgment recovered by Yokohama Specie Bank, Ltd. against defendant Masajiro Kai. On July 26, 1940 plaintiff and appellant caused levy of execution to be made on the interest of Masajiro Kai in the property in question. Yana Kai moved to have this levy vacated and her motion was granted in the trial court. From this order an appeal was taken resulting in a reversal of the order. (*Yokohama Specie Bank, Ltd.* v. *Kitasaki,* 47 Cal. App.2d 98 [117 P.2d 398].)

While that appeal was pending appellant herein commenced this action. The first count was for declaratory relief. (A second count was eliminated by the sustaining of demurrer thereto and the failure of appellant to amend.) By the first count

appellant sought a declaratory judgment that the judgment assigned to him was a lien upon the real property superior to any interest of the defendants.

Respondent Yana Kai by answer set up a deed from Masajiro Kai to herself made in 1911 and prayed for judgment quieting her title against plaintiff.

On the trial plaintiff offered to prove that the deed by Masajiro Kai to Yana Kai in 1911 was made without consideration and with intent to defraud the then existing creditors of Masajiro Kai and further that from the time of the conveyance to Yana Kai up to a time subsequent to the entry of the judgment relied upon Yana Kai had permitted Masajiro Kai to exercise all of the elements and indicia of ownership. Objection was sustained to this offer of proof and this ruling is urged as error.

Preliminarily it is argued by respondent that these issues were not tendered by plaintiff's complaint and the proffered evidence was therefore not within the issues. The respondent pleaded the deed from Masajiro Kai to herself by her answer and asked for affirmative relief quieting her title against appellant. In this state of the pleadings the law gave the plaintiff "a replication without pleading to this asserted title" and the plaintiff could "overcome the effect of the deed and so destroy its validity upon either equitable or legal ground." (*Wolf* v. *Gall*, 176 Cal. 787, 789-90 [169 P. 1017]; *Moore* v. *Copp*, 119 Cal. 429, 433 [51 P. 630].)

The trial court took the view that the Yokohama Specie Bank, Ltd., having become a creditor subsequent to the transfer could not attack the transfer on the ground that it was made in fraud of existing creditors. This view finds support in some of our decisions. (12 Cal.Jur. 978.) Appellant counters with the proposition that a voluntary conveyance in fraud of existing creditors is in violation of our penal laws (Pen. Code, §§ 154 and 531) and is therefore not merely voidable but void for illegality. (*California Delta Farms* v. *Chinese American Farms*, 207 Cal. 298, 306 [278 P. 227]; *Berka* v. *Woodward*, 125 Cal. 119 [57 P. 777, 73 Am.St.Rep. 31, 45 L.R.A. 420]; *Smith* v. *Bach*, 183 Cal. 259 [191 P. 14].) This view also finds support in the language of Civ. Code, section 3439, as it read at the time of the transfer in 1911: "Every transfer of property . . . made . . . with intent to delay or defraud *any* creditor . . . is void against *all* creditors of the

debtor . . . " (Italics ours); and in *Everts* v. *Sunset Farms, Inc.*, 9 Cal.2d 691 [72 P.2d 543] the court said at p. 698:

"Furthermore, as we have already shown above, the transfers were in fraud of creditors. They were void and not merely voidable. (*Scholle* v. *Finnell*, 166 Cal. 546 [137 P. 241].) They were in contravention of the statute and public policy (Civ. Code, §§ 3439 and 3442; Pen. Code, § 531). . . ."

In the Everts case the court was, however, dealing with the rights of an existing creditor.

Turning to the rule in other jurisdictions we find this statement in 24 Am.Jur. 284-5:

"The prevailing opinion is that if it is shown that there was mala fides or fraud in fact in the transaction, whether the actual fraudulent intent related to existing creditors or was directed exclusively against subsequent creditors, the effect is precisely the same, and subsequent creditors may, on the strength of such fraud, successfully impeach the conveyance."

Since the adoption of the Uniform Fraudulent Conveyance Act in 1939, it is clear that as to conveyances thereafter made subsequent creditors may successfully attack a conveyance if made with actual intent to defraud existing creditors. (Civ. Code, § 3439.07; *Themo* v. *Themo*, 296 Mass. 190 [5 N.E. 2d 26]; *McDonald* v. *Baldwin*, 24 Tenn.App. 670 [148 S.W. 2d 385].)

There is much force in the suggestion, which has never been squarely passed upon in the appellate courts of this state, that a conveyance with actual intent to defraud existing creditors being in violation of the penal provisions above cited is absolutely void for illegality and for that reason subject to attack by any creditor. The general rule is thus expressed in *Berka* v. *Woodward*, 125 Cal. 119 [57 P. 777, 73 Am.St.Rep. 31, 45 L.R.A. 420] at 127 (cited *supra*); " . . . where a statute pronounces a penalty for an act, a contract founded on such act is void, although the statute does not pronounce it void, nor expressly prohibit it."

In addition to the cases cited above and many others, the following very recent cases follow and apply this rule: *City of Los Angeles* v. *Watterson*, 8 Cal.App.2d 331, 346 [48 P.2d 87]; *Duntley* v. *Kagarise*, 10 Cal.App.2d 394, 397 [52 P.2d 560]; *Citizens State Bank* v. *Gentry*, 20 Cal.App.2d 415 [67 P.2d 364].

We conclude that even before the adoption of Civil Code,

section 3439.07, a voluntary conveyance made with actual intent to defraud existing creditors was void for illegality and hence subject to attack by any creditor, existing or future.

Independently of this conclusion the proffered evidence was admissible under the authority of *McAlvay* v. *Consumers' Salt Co.*, 112 Cal.App. 383, 394 [297 P. 135], where the court said:

"But it is also the rule that though the nominal title to property be conveyed to another, it is nevertheless liable for the debts of its owner [citing cases] upon the principle that one cannot be the equitable owner of property and still have it exempt from his debts."

The proffered evidence taken as a whole would support an inference that the conveyance to Yana Kai in 1911 was merely colorable to escape liability of Masajiro Kai for existing debts and that he retained the beneficial and equitable ownership until after the judgment was obtained against him.

Certain other defenses set up in the answer of Yana Kai were not made the basis of any findings by the trial court and cannot therefore be relied upon to support the judgment on this appeal; nor was the right of Masajiro Kai to testify as to matters occurring during his marriage to Yana Kai questioned by any objection made in the trial court. We are not called upon to pass upon any of these questions at this time.

The judgment appealed from is reversed.

Nourse, P. J., and Spence, J., concurred.