Filed 11/4/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| JORDAN MAXWELL, | B254893 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. LC099418) |
| v. | |
| JOSEF DOLEZAL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Russell Kussman and John P. Farrell, Judges.  Reversed and remanded with directions.

Law Offices of David R. Greifinger, David R. Greifinger; and Kenneth Lipton for Plaintiff and Appellant.

Law Offices of Carolyn C. Phillips, Carolyn C. Phillips; Ferguson Case Orr Paterson, Wendy C. Lascher and John A. Hribar for Plaintiff and Respondent.

_____

Jordan Maxwell sued Josef Dolezal after their business relationship deteriorated. The trial court dismissed Maxwell's action after sustaining Dolezal's demurrer to all of Maxwell's claims without leave to amend. On appeal, we conclude that Maxwell properly stated a claim for breach of contract and that the demurrer to that cause of action was erroneously sustained. We reverse the judgment and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2013, Maxwell, in propria persona, filed an action alleging that Dolezal had invaded his privacy by commercial appropriation of his name, image, and website. Maxwell alleged that Dolezal had used his photograph and his website, JordanMaxwell.com, without Maxwell's authorization or consent and for the purposes of advertising and/or soliciting purchases of merchandise. Maxwell alleged that, as a result, he had suffered injury to his business and lost income as a celebrity; he sought damages and an injunction preventing Dolezal from using his website and likeness for advertising or soliciting purchase or rental of videos.

Maxwell subsequently retained an attorney who filed a First Amended Complaint on his behalf on April 15, 2013. In the First Amended Complaint, Maxwell continued to assert a cause of action for invasion of privacy and added claims for breach of contract, the imposition of a constructive trust, negligence, interference with economic relations, interference with prospective economic advantage, and fraud.

Dolezal demurred to the First Amended Complaint. Specifically, Dolezal argued that each cause of action failed to allege sufficient acts to state a claim and was uncertain; with respect to the breach of contract claim, Dolezal also argued that it could not be ascertained from the pleading whether the contract was written, oral, or implied by conduct.

The trial court, Judge Russell Kussman, held a hearing on Dolezal's demurrer and motion to strike. No court reporter was present. The court's minute order from the hearing reads, "The Court reads and considers the demurrer and motion papers, all

2

oppositions and replies.  The demurrer is argued.  [¶]  The demurrer is sustained with 30 days leave to amend."

Maxwell filed a Second Amended Complaint on July 22, 2013, alleging the same causes of action that had been alleged in the First Amended Complaint.  Dolezal again demurred, stating in his notice of motion the identical grounds for demurring to the Second Amended Complaint that he had stated with respect to the demurrer to the First Amended Complaint:  he again argued that each cause of action failed to allege sufficient acts to state a claim and was uncertain; and on the breach of contract claim, Dolezal again argued that it could not be ascertained from the pleading whether the contract was written, oral, or implied by conduct.

Judge Kussman heard the demurrer on January 10, 2014, along with a motion to strike, a motion to compel responses to special interrogatories, a case management conference, and a motion to consolidate actions filed by Dolezal.  No court reporter was present.  The court's minute order reads in relevant part, "For the reasons stated in open court, and as set forth in defendant's moving papers, it appears that plaintiff's claims against the defendant are not only vague and internally inconsistent, but are also not actionable.  The gravamen of his contentions relate to an agreement that he allegedly entered with defendant that he himself describes as 'unauthorized' and 'unallowable' because of a contract that he had with his manager.  In essence, plaintiff is alleging that defendant failed to protect him from himself.  In whatever manner the causes of action are framed, there are insufficient facts or allegations supporting a contractual or tort duty to the plaintiff that was breached by the defendant.  [¶]  Therefore, the demurrer to the second amended complaint is SUSTAINED.  Since there have now been three attempts to present an adequate pleading, all of which have failed; and since neither in his briefs nor in open court at the time of the hearing has plaintiff been able to articulate a reasonable basis for believing that additional allegations of facts on the causes of action pled would remedy the deficiencies, no leave to amend is provided."

3

Maxwell filed a notice of appeal on March 5, 2014, purporting to appeal from the judgment of dismissal after an order sustaining a demurrer. On March 20, 2014, the court, Judge John Farrell, entered judgment in Dolezal's favor.[1]

## DISCUSSION

On appeal, Maxwell asks this court to reverse the trial court's ruling on the demurrer only with respect to the first two causes of action, the claims for invasion of privacy and breach of contract. "In evaluating a trial court's order sustaining a demurrer, we review the complaint 'de novo to determine whether it contains sufficient facts to state a cause of action.' [Citation.]" (*Peterson v. Cellco Partnership* (2008) 164 Cal.App.4th 1583, 1589.)

### A. Invasion of Privacy Cause of Action

The court did not err in sustaining the demurrer to the first cause of action. This claim, which Maxwell has entitled "invasion of privacy," appears to be an amalgamation of a common law cause of action for misappropriation of name or likeness and a statutory cause of action for invasion of the right of publicity under Civil Code section 3344. A common law misappropriation claim is pleaded by "alleging: '(1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury. [Citations.]' [Citation.]" (*Montana v. San Jose Mercury News, Inc.* (1995) 34 Cal.App.4th 790, 793.) The statutory cause of action is set forth in Civil Code section 3344, which provides, "Any person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent, or, in the case of a

---

[1] We deem appellant's premature appeal, filed after the nonappealable order sustaining the demurrer without leave to amend and before the judgment of dismissal was entered, to be an appeal from the subsequent judgment of dismissal. (See *Bame v. City of Del Mar* (2001) 86 Cal.App.4th 1346, 1353, fn. 5.)

minor, the prior consent of his parent or legal guardian, shall be liable for any damages sustained by the person or persons injured as a result thereof."

Central for purposes of our evaluation of the ruling on the demurrers, both the statutory and the common law claims require that a person's identity be used without his or her consent. Maxwell claims on appeal that he "pled his lack of consent in paragraphs 8 and 10" of the Second Amended Complaint. We have reviewed these allegations, however, and find that Maxwell did not allege that his identity was used without his actual consent. Instead, Maxwell alleged in these paragraphs that he had not given "prior authorized, allowable, and uncompensated consent." Maxwell alleged that his consent was not "allowable" because he had a contractual relationship with a manager and he "was prevented by his agreement with his manager from entering into an agreement with any other parties, or receiving any form of compensation from other parties, without informing and obtaining the consent of his manager." From these allegations, it appears Maxwell may have violated his contract with his manager by entering into his agreement with Dolezal. However, the allegations that the agreement with Dolezal was not permitted by the terms of Maxwell's contract with a third party only serve to make clear that Maxwell and Dolezal did in fact enter into an agreement in which Maxwell authorized Dolezal to use his identity. Accordingly, Maxwell has failed to plead sufficient facts concerning lack of consent to state a cause of action for common law misappropriation of name or likeness or a statutory cause of action for invasion of the right of publicity under Civil Code section 3344. The trial court properly sustained the demurrer with respect to this cause of action.

B. Breach of Contract Cause of Action

To establish a cause of action for breach of contract, the plaintiff must plead and prove (1) the existence of the contract, (2) the plaintiff's performance or excuse for nonperformance, (3) the defendant's breach, and (4) resulting damages to the plaintiff. (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 821.) "In an action based on a written contract, a plaintiff may plead the legal effect of the contract rather than its

5

precise language." (*Construction Protective Services, Inc. v. TIG Specialty Ins. Co.* (2002) 29 Cal.4th 189, 198-199.)

Dolezal demurred to this cause of action on the ground that it failed to allege sufficient facts to state a cause of action and was therefore uncertain. Maxwell, however, pleaded all the elements of a breach of contract in his Second Amended Complaint. First, he pleaded the existence of the contract: He alleged that on or about March 30, 2010, he entered into an agreement with Dolezal in which he agreed to assign his intellectual property rights in exchange for free housing, free food, and 50 percent of the monies received as a result. Next, he pleaded that he performed all his obligations under the contract except for those he was prevented or excused from performing. He then alleged that the defendants breached the contract, as he has "never received money, food and housing was terminated in 2011." Finally, Maxwell alleged that he was damaged by the breach. Maxwell alleged sufficient facts to state a claim for breach of contract.

Dolezal argued in his demurrer that Maxwell's description of the contract as "unauthorized and unallowable" reveals that there was "a lack of consent to the purported agreement." On review of a demurrer, we "give the complaint a reasonable interpretation, reading it as a whole and its parts in their context." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 (*Blank*); see also *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) Reading this allegation in the context of the Second Amended Complaint, it is evident that the "unauthorized and unallowable" characterization of the contract refers back to the allegations that Maxwell's prior management contract obligated Maxwell to obtain consent from his manager before entering into contracts. It cannot reasonably read, as Dolezal claimed in the trial court, as a factual allegation that Maxwell did not consent to enter into the written contract that he alleged he entered into with Dolezal. Maxwell's characterization of the contract as possibly violative of his contractual obligations to a third party does not permit a conclusion that the pleaded facts failed to state a claim for breach of contract.

Dolezal also demurred to the breach of contract cause of action on the ground that it could not be ascertained whether the contract was oral, written, or implied. When an

6

action is "founded upon a contract," the complaint is subject to demurrer if "it cannot be ascertained from the pleading whether the contract is written, is oral, or is implied by conduct." (Code Civ. Proc., § 430.10, subd. (g).) Although the allegations contained within the claim for the breach of contract did not state that the contract was written, reading the complaint as a whole (*Blank*, *supra*, 39 Cal.3d at p. 318), Maxwell expressly alleged in Paragraph 30 of the complaint that the March 30, 2010 contract was written: "On or about 3/30/10, Plaintiff and Defendants entered into a written agreement whereby Defendants purchased Plaintiff's intellectual property rights from Plaintiff." In this "action founded upon a contract," therefore, it could easily be ascertained from the pleading, when read in its entirety, that the alleged contract was a written contract.[2] The breach of contract claim was not subject to demurrer on this ground.

Paragraph 30, in which Maxwell identified the contract as a written contract, is part of the fifth cause of action for interference with economic relations. The trial court ultimately sustained the demurrer to the fifth cause of action, and Maxwell has not challenged this ruling on appeal. As a result, this allegation, which was part of the complaint at the time of the court's consideration of the demurrer and determination of whether the nature of the contract could be ascertained from the pleading, has since effectively been eliminated from the complaint by the successful demurrer to that cause of action and the failure to challenge that ruling on appeal. (See *Sasaki v. Kai* (1942) 56 Cal.App.2d 406, 407.) So that the second cause of action not be rendered defective by the elimination of the fifth cause of action, therefore, the trial court may either deem the first paragraph of Paragraph 30 to have survived the demurrer and to be incorporated into the second cause of action, or order Maxwell to amend the breach of contract claim solely for the purpose of including in that cause of action the allegation that the contract in question was a written contract.

---

[2] For purpose of a demurrer, the allegation that the contract was written also disposes of Dolezal's argument that the contract violated the statute of frauds, Civil Code section 1624, subdivision (a)(1).

C. Effect of the Absence of a Reporter's Transcript

No court reporter was present to transcribe the hearing on the demurrer. Aware that there was no record of the oral proceedings, the court nonetheless rested its decision on the demurrer in part on "the reasons stated in open court" without setting forth in the ruling what those reasons were. Similarly, the court justified its denial of leave to amend the complaint in part on Maxwell's failure to articulate a basis "in open court" to support his request for leave to amend, but it did not describe the showing Maxwell had made at the hearing. In this case, because the correctness of the court's ruling with respect to the first cause of action and its error with respect to the second were both readily apparent from a review of the operative complaint and the demurrer, neither a transcript of the hearing nor the court's statement of specific grounds for its ruling (Code Civ. Proc., § 472d) was essential to permit effective appellate review. However, we view this case as an exception. We remain profoundly concerned about the due process implications of a proceeding in which the court, aware that no record will be made, incorporates within its ruling reasons that are not documented for the litigants or the reviewing court.

**DISPOSITION**

The judgment is reversed and the matter remanded for the trial court to either: deem the first paragraph of Paragraph 30 to have survived the demurrer and to be incorporated into the second cause of action; or order Maxwell to amend the breach of contract claim solely for the purpose of including in that cause of action the allegation that the contract in question was a written contract. Maxwell shall recover his costs on appeal.

ZELON, J.

We concur:

PERLUSS, P. J.                    WOODS, J.

8