Filed 12/31/14  City of La Verne v. Gonzalez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| CITY OF LA VERNE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHEL GONZALEZ et al.,<br><br>    Defendants and Appellants. | B254777<br><br>(Los Angeles County<br>Super. Ct. No. BC464193) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Michael Johnson, Judge.  Affirmed.

Wallin, Kress, Reisman & Kranitz, Robert L. Kress, Cary S. Reisman, for Plaintiff and Respondent.

Michel Gonzalez, David Snow in pro. per., for Defendants and Appellants.

\*      \*      \*

Michel Gonzalez (Gonzalez) and David Snow (Snow) (collectively, defendants) challenge the trial court's order awarding attorneys fees under Civil Code section 1717 to the City of La Verne (City). Because the City achieved its litigation objectives, we conclude that the trial court did not abuse its discretion in awarding fees and accordingly affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

In 2007, the City and defendants agreed to settle defendants' ongoing lawsuit against the City by signing a Settlement Agreement and Mutual Release (Agreement). Two provisions of the Agreement are relevant to this appeal: (1) defendants agreed to convert the apartment on their property back into a garage within nine months; and (2) the parties agreed that attorneys fees could be awarded to a "prevailing party" who sued to enforce the Agreement. After nearly four years went by with defendants yet to complete the conversion, the City sued them seeking (1) specific performance of the Agreement, (2) injunctive relief, and (3) disgorgement of the rents defendants were improperly collection for renting out what should be a garage.

Following an unreported bench trial, the trial court granted the City's prayer for specific performance and issued a permanent injunction. Both orders required defendants to evict their tenant and to convert the apartment back into a garage, on pains of having to disgorge rents collected after the date of judgment. The court also determined that the City was "the prevailing party in this litigation", and thus entitled to attorney's fees under the Agreement. The court subsequently awarded fees of $35,438.[1]

Defendants timely appealed.

## DISCUSSION

Defendants level three attacks at the trial court's ruling: (1) the trial court erred in declaring the City to be the "prevailing party" entitled to attorney's fees; (2) the trial

[1]     Although the amount of fees was not determined until after defendants filed their notice of appeal, we have jurisdiction over the trial court's judgment regarding the City's *entitlement* to fees. (*R.P. Richards, Inc. v. Chartered Construction Corp.* (2000) 83 Cal.App.4th 146, 158.)

court was duped by the City into signing an order that did not accurately reflect its oral ruling; and (3) the Agreement was a product of duress. The City argues that we may not hear any of these claims because defendants did not have a reporter or request a statement of decision. The absence of a record is not a bar when the record we do have is enough to "permit effective appellate review." (*Maxwell v. Dolezal* (2014) 231 Cal.App.4th 93, 99-100.) We are able to evaluate defendants' first contention on the basis of the City's complaint and the trial court's judgment. However, we cannot evaluate the remaining issues because *facts* are required to rebut the presumption of regularity that attaches to a court's signing of its orders and to the finality of judgments (Evid. Code, § 664; *People v. Alleghany Casualty Co.* (2007) 41 Cal.4th 704, 715-716 & fn. 7 [no collateral attack of judgment unless court lacked "'fundamental jurisdiction' [citation]"]), and defendants have presented no such facts.

Civil Code section 1717 empowers a court to award attorney's fees "incurred to enforce [a] contract" to a "prevailing party" if that "contract specifically provides [for] attorney's fees and costs." (Civ. Code, § 1717, subd. (a).) Where, as here, a party achieves less than a total victory, the trial court has discretion whether to declare that party the "prevailing party." (*Zintel Holdings, LLC v. McLean* (2012) 209 Cal.App.4th 431, 439-440.) In exercising this discretion, the court is to "'compare the relief awarded on the contract claim . . . with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources.'" (*In re Tobacco Cases I* (2013) 193 Cal.App.4th 1591, 1603, quoting *Hsu v. Abarra* (1995) 9 Cal.4th 863, 876 (*Hsu*).) "'[I]n determining litigation success, courts should respect substance rather than form . . . .'" (*Ibid.*, quoting *Hsu*, at p. 877.)

In this case, the City sued defendants to get them to comply with the Agreement, and the trial court ordered them to do so with orders of specific performance and a permanent injunction. Defendants nevertheless contend that the City did not prevail because the court did not order defendants to disgorge $78,000 in rents, which defendants contend dwarfs the $24,000 value of the garage/apartment. Defendants do not explain how they arrive at the $24,000 value, but it is ultimately irrelevant because the trial court

3

did not abuse its discretion in discerning that the equitable relief was the "substance" of the City's action and in declaring the City to be the "prevailing party" on that basis. The trial court perceived the disgorgement remedy to be secondary, so much so that it ordered a similar disgorgement as a sanction for noncompliance with the primary relief—namely, the orders of specific performance and the permanent injunction.

There was no abuse of discretion.

## DISPOSITION

The judgment is affirmed. The City is entitled to costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.

HOFFSTADT

We concur:


_____, P. J.

BOREN


_____, J.

CHAVEZ

4