Filed 1/13/23  Wang v. EOS Petro CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| HENRY WANG et al., | B317659 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. 20STCV14071) |
| v. | |
| EOS PETRO, INC. et al, | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kristin S. Escalante and Patricia D. Nieto, Judges.  Reversed with directions.

McKown Bailey, Aaron M. McKown and Tony J. Cheng for Defendants and Appellants.

Hamrick & Evans, A. Raymond Hamrick III and Jonathan Dutton for Plaintiffs and Respondents.

# INTRODUCTION

EOS Petro, Inc., Nikolas Konstant, and Umesh Patel (defendants) appeal from a default judgment against them and in favor of Henry Wang, Yam Sheun Kwok, and Qiongzhen Zheng (plaintiffs) after defendants failed to repay a number of loans. Limited in the arguments they can make on appeal from a default judgment, defendants contend that plaintiffs' complaint failed to state any cause of action, that plaintiffs did not submit sufficient evidence of their damages, that the judgment is void because it awards prejudgment interest at a usurious rate, and that plaintiffs were not entitled to attorneys' fees. We agree with defendants that the trial court erred in awarding prejudgment interest at a rate that exceeded the maximum allowable rate and in awarding attorneys' fees, but we disagree with defendants' other contentions. Therefore, we reverse the judgment and direct the trial court to enter a new judgment that awards interest at a legal rate and that does not include an award of attorneys' fees.

# FACTUAL AND PROCEDURAL BACKGROUND

A.    *Plaintiffs Sue Defendants for Failing To Repay Various Loans*

In April 2020 plaintiffs filed this action, alleging causes of action for, among other things, breach of contract, money had and received, and receiving stolen property in violation of Penal Code section 496. Plaintiffs alleged that, in a series of six transactions in 2018, Konstant and Patel borrowed $347,000 from Wang, $250,000 from Kwok, and $100,000 from Zheng and that EOS Petro executed promissory notes in which it agreed to repay five

2

of the six loans to Konstant and Patel. Plaintiffs alleged Konstant, Patel, and EOS Petro breached the loan agreements and promissory notes by failing to repay any principal or pay any interest.

B. *The Trial Court Grants Plaintiffs' Request for a Default Judgment*

After none of the defendants responded to the complaint, plaintiffs filed requests for entry of default, and in July 2020 the clerk entered the default of each defendant. In October 2020 plaintiffs applied for a default judgment. They requested as damages $697,000 in unpaid principal; prejudgment interest at the rates specified in the various loan agreements and promissory notes ($290,156 as of October 16, 2020, plus $338.50 per day thereafter); $8,860 in attorneys' fees under Penal Code section 496, subdivision (c), as provided by a schedule in the Los Angeles Superior Court Local Rules; and $944 in costs. Each plaintiff submitted a declaration stating the terms, and attached an unsigned copy, of each loan or promissory note.[1] In December 2020 the trial court entered judgment against defendants in the amount of $1,017,270.

C. *Defendants Move To Vacate the Default Judgment, and the Trial Court Enters an Amended Judgment*

In May 2021 defendants filed a motion to vacate the default judgment. Defendants argued that the complaint failed to state any cause of action, that the prayer for relief in the complaint did

---

[1] The only document actually signed was an August 22, 2018 $100,000 "convertible debenture note" between Zheng and EOS Petro. It was signed by Konstant on behalf of EOS Petro.

not specify the amount of damages sought, that plaintiffs' evidence did not establish they were entitled to the damages they were requesting, that the court erred in making defendants' liability joint and several, and that plaintiffs were not entitled to attorneys' fees.

The court denied the motion in part and granted it in part. The court ruled plaintiffs' complaint "provided notice of the specific amounts owed by Defendants as to each Plaintiff" and "repeated notice of the total amount sought against Defendants by the three Plaintiffs." The court rejected defendants' contention that, by failing to attach signed loan agreements, plaintiffs did not allege sufficient facts to state causes of action for breach of contract. The court ruled defendants failed "to show why the unsigned documents would defeat the claims as a matter of law. At best, this would be a failure to present evidence of liability (i.e., that Defendants are not parties to the contracts), despite the pled allegations." The court also ruled plaintiffs' common count for money had and received "could support the judgment without a writing." Finally, the court ruled that, although the complaint alleged defendants were jointly and severally liable for the entire amount of damages, because each plaintiff was entitled to a different amount, the court could not enter a judgment that awarded each plaintiff the entire amount. Therefore, the court ordered plaintiffs "to submit a new proposed judgment consistent with the obligations" to Wang, Kwok, and Zheng, individually.

Plaintiffs submitted a revised proposed judgment, and defendants filed objections. The trial court agreed with defendants that the judgment against EOS Petro should be reduced to reflect the fact that EOS Petro guaranteed only five of

4

the six loans. The trial court rejected defendants' argument that, because Konstant and Patel did not sign the loan agreements, "pre-judgment interest rates charged against Konstant and Patel should be the constitutional limit of 7% per annum, instead of the contracted rates." The court ruled that plaintiffs stated "a valid cause of action for breach of contract against [d]efendants, with the various interest rates asserted," and that "the breach of contract cause supports the contracted interest rates." Konstant and Patel timely appealed from the amended default judgment.[2]

## DISCUSSION

### A. *Applicable Law*

A "'"judgment by default is said to 'confess' the material facts alleged by the plaintiff, i.e., the defendant's failure to answer has the same effect as an express admission of the matters well pleaded in the complaint.'"'" (*Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 281, italics omitted; see *Steven M. Garber & Associates v. Eskandarian* (2007) 150 Cal.App.4th 813, 823.) "The 'well-pleaded allegations' of a complaint refer to "'all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law.'"'" (*Kim*, at

[2] EOS Petro also appealed from the judgment, but as a suspended corporation, it does not have capacity to pursue this appeal. (See Rev. & Tax. Code, § 23301; *Bourhis v. Lord* (2013) 56 Cal.4th 320, 324.) Therefore, we dismiss the appeal by EOS Petro. In addition, although in their opening brief defendants state they appealed from the default judgment and the trial court's order denying their motion to set aside the default judgment, defendants did not appeal from the latter order; they only appealed from the default judgment.

p. 281; see *Carlsen v. Koivumaki* (2014) 227 Cal.App.4th 879, 898.) If "the complaint properly states a cause of action, the only additional proof required for the judgment is that needed to establish the amount of damages." (*Carlsen*, at p. 898.) Although "the general rule [is] that the sufficiency of the evidence tendered in a default proceeding cannot be reviewed on an appeal from a default judgment," the general rule does not apply "as to damages which, despite default, require proof." (*Ostling v. Loring* (1994) 27 Cal.App.4th 1731, 1745; accord, *Scognamillo v. Herrick* (2003) 106 Cal.App.4th 1139, 1150; see *Sass v. Cohen* (2020) 10 Cal.5th 861, 880 ["plaintiffs in default cases must still prove their damages to obtain monetary recovery"].)

B. *Plaintiffs Pleaded Sufficient Facts To State Several Causes of Action*

Defendants argue the default judgment is invalid because plaintiffs' complaint did not allege facts sufficient to state any cause of action. A "trial court may not enter a default judgment when the complaint's allegations do not state a cause of action." (*Los Defensores, Inc. v. Gomez* (2014) 223 Cal.App.4th 377, 392; see *J.W. v. Watchtower Bible & Tract Society of New York, Inc.* (2018) 29 Cal.App.5th 1142, 1162.) "We apply the de novo standard of review when considering whether a complaint alleges sufficient facts to state a cause of action." (*J.W.*, at p. 1162; see *Lee v. Hanley* (2015) 61 Cal.4th 1225, 1230.) Our review is "akin to that triggered by a general demurrer, namely, whether the complaint lacks factual allegations indispensable to the asserted claims." (*Los Defensores*, at pp. 392-393.) " " " [W]e accept as true all material facts alleged in the complaint, but not contentions, deductions or conclusions of fact or law." " " *(City of Oakland v. Oakland Raiders* (2022) 83 Cal.App.5th 458, 472; see *Centinela*

6

*Freeman Emergency Medical Associates v. Health Net of California, Inc.* (2016) 1 Cal.5th 994, 1010.)

   1.   *Plaintiffs Stated Causes of Action for Breach of Contract*

Defendants contend the complaint did not state a cause of action for breach of contract because, while the complaint alleged defendants breached written loan agreements and promissory notes, plaintiffs in their "default prove-up package" submitted unsigned contracts.  Defendants argue plaintiffs' "inability to produce signed agreements between the parties legally and factually precludes them from establishing, let alone prevailing, on any breach of written contract causes of action."  But because defendants defaulted, plaintiffs did not have to produce evidence sufficient to "prevail on" their breach of contract causes of action.  "A defendant's failure to answer the complaint has the same effect as admitting the well-pleaded allegations of the complaint, and as to these admissions *no further proof of liability is required.*"  (*Carlsen v. Koivumaki, supra,* 227 Cal.App.4th at p. 898.)[3]

---

[3]   Even if plaintiffs had to prove their cause of action for breach of written contract (which defendants' default relieved them of having to do), the absence of signatures would not necessarily render the written contracts unenforceable.  (See Civ. Code, § 1589 ["A voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it, so far as the facts are known, or ought to be known, to the person accepting."]; *Vita Planning & Landscape Architecture, Inc. v. HKS Architects, Inc.* (2015) 240 Cal.App.4th 763, 773 [absence of signatures did not render a contract

7

Plaintiffs had to allege only "the ultimate facts constituting the cause of action" for breach of a written contract (*Carlsen v. Koivumaki*, *supra*, 227 Cal.App.4th at p. 898), and they did that. A plaintiff alleging a cause of action for breach of contract must plead "(1) the existence of the contract, (2) the plaintiff's performance or excuse for nonperformance, (3) the defendant's breach, and (4) resulting damages to the plaintiff." (*Maxwell v. Dolezal* (2014) 231 Cal.App.4th 93, 97-98.) Plaintiffs alleged those facts: They alleged Wang, Zheng, or Kwok entered into six loan agreements with Konstant and Patel and five promissory notes with EOS Petro (in which, as stated, EOS Petro effectively agreed to guarantee five of the six loans to Konstant and Patel). For each loan agreement and promissory note, plaintiffs alleged the date, lender, borrower, amount loaned, due date, and interest rate (more on that later). Plaintiffs further alleged that Wang, Zheng, and Kwok loaned the money to Konstant and Patel; that Konstant, Patel, and EOS Petro failed to repay any of the amounts due; and that Wang, Zheng, and Kwok suffered damages. Those allegations stated causes of action for breach of each of the 11 contracts.

Defendants argue that the allegations in the complaint and the evidence plaintiffs submitted "at best support claims for breach of oral contract" and that any cause of action for breach of oral contract was barred by the statute of limitations and the statute of frauds. As discussed, however, plaintiffs alleged sufficient facts to state causes of action for breach of written contract. But even if plaintiffs had alleged sufficient facts to

unenforceable where the plaintiff performed and the defendant accepted the plaintiff's performance].)

state causes of action only for breach of oral contract, defendants, by failing to respond to the complaint, forfeited their right to assert defenses like the statute of limitations and the statute of frauds. "The entry of default bars [a defendant] from advancing contentions on the merits." (*Rios v. Singh* (2021) 65 Cal.App.5th 871, 887; see *Bell v. Travelers Indem. Co. of Hartford, Conn.* (1963) 213 Cal.App.2d 541, 547 [defaulting defendant forfeited any statute of limitations defense]; see also *Minton v. Cavaney* (1961) 56 Cal.2d 576, 581 [defendant forfeited the statute of limitations defense by failing to raise it in the answer or by demurrer]; *Secrest v. Security National Mortgage Loan Trust 2002-2* (2008) 167 Cal.App.4th 544, 552 [defendant forfeited the right to rely on the statute of frauds by failing to demur to the complaint, object to evidence of the oral agreement at trial, or move to strike such evidence].)

Defendants also contend that plaintiffs' failure to submit signed contracts amounted to a "sudden and undisclosed shift" in theories from breach of written contract to breach of oral contract and that the trial court should have required plaintiffs to amend their complaint, which would have given defendants an opportunity to respond. Defendants, however, provide no authority for their contention that, to obtain a default judgment on a cause of action for breach of written contract, the plaintiff must submit a signed contract. In fact, the law is to the contrary. (See *Construction Protective Services, Inc. v. TIG Specialty Ins. Co.* (2002) 29 Cal.4th 189, 198-199 ["In an action based on a written contract, a plaintiff may plead the legal effect of the contract rather than its precise language."]; *Miles v. Deutsche Bank Nat. Trust Co.* (2015) 236 Cal.App.4th 394, 402 ["plaintiff's failure either to attach or to set out verbatim the terms of the

9

contract was not fatal to his breach of contract cause of action"].) Nor do the cases cited by defendants, *Greenup v. Rodman* (1986) 42 Cal.3d 822 and *Jackson v. Bank of America* (1986) 188 Cal.App.3d 375, support their assertion the trial court should have treated plaintiffs' failure to submit signed contracts as a de facto amendment of the complaint (to state causes of action for breach of oral contract) that "opened up" the default. (See *Greenup*, at p. 830 [after the trial court entered a default judgment and awarded damages exceeding the prayer in the complaint, the plaintiff could file an amended complaint seeking a greater amount of damages]; *Jackson*, at p. 387 [reversing a default judgment where the complaint did not allege any conduct by the defendant bank that caused plaintiff's monetary loss, and the trial court awarded damages based on evidence introduced at the prove-up hearing of a sale of bonds that occurred after the complaint was filed].)

### 2. *Plaintiffs Stated Common Counts for Money Had and Received*

The trial court also correctly ruled plaintiffs alleged sufficient facts to state "a money had common count, which could support the judgment without a writing." A plaintiff states a common count for money had and received by alleging "'the defendant "is indebted to the plaintiff in a certain sum 'for money had and received by the defendant for the use of the plaintiff.'"'" (*Avidor v. Sutter's Place, Inc.* (2013) 212 Cal.App.4th 1439, 1454.) "The claim is viable "'wherever one person has received money which belongs to another, and which in equity and good conscience should be paid over to the latter.'"" (*Ibid.*) Plaintiffs alleged that defendants "have become indebted to [p]laintiffs for

10

monies had and received," that the "monies now rightfully belong to [p]laintiffs," and that defendants "have refused repayment" and owe plaintiffs at least $697,000. Those allegations stated a common count for money had and received. (See *Utility Audit Co., Inc. v. City of Los Angeles* (2003) 112 Cal.App.4th 950, 958 ["A claim for money had and received can be based upon . . . performance by one party of an express contract."].)

Defendants cite *Klein v. Chevron U.S.A., Inc.* (2012) 202 Cal.App.4th 1342 and *Hedging Concepts, Inc. v. First Alliance Mortgage Co.* (1996) 41 Cal.App.4th 1410, both of which held a plaintiff may not pursue a quasi-contract claim for breach of an implied contract where the parties have an enforceable express contract. It is true that, as defendants suggest, a common count for money had and received is a quasi-contract claim (*Jalali v. Root* (2003) 109 Cal.App.4th 1768, 1783) and that "there cannot be a valid express contract and an implied contract, each embracing the same subject, but requiring different results" (*Hedging Concepts*, at p. 1420). But defendants' position is that there is no valid express contract, which means plaintiffs can recover on their common counts for money had and received. If there are valid express contracts, plaintiffs can recover on their causes of action for breach of the written loan agreements and promissory notes. Either way, *Klein* and *Hedging Concepts* do not help defendants.

### 3. *But Plaintiffs Did Not State a Cause of Action Under Penal Code Section 496, Subdivision (c)*

Defendants argue plaintiffs did not allege sufficient facts to state a cause of action for receiving stolen property under Penal Code section 496, subdivision (c), because plaintiffs did not allege defendants "took any actions that were fraudulent and/or

11

constitute[d] theft." Defendants are correct. Penal Code section 496, subdivision (a), states that every person "who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained," is subject to imprisonment. Penal Code section 496, subdivision (c), "articulates a right to special civil remedies when a violation of [Penal Code section 496, subdivision (a),] has occurred." (*Siry Investment, L.P. v. Farkhondehpour* (2022) 13 Cal.5th 333, 346-347.)

Plaintiffs claimed defendants violated Penal Code section 496 "by obtaining money belonging to [p]laintiffs by theft and knowingly concealing and withholding such money from [p]laintiffs." But plaintiffs alleged no facts defendants obtained plaintiffs' money by theft. "To prove theft, a plaintiff must establish criminal intent on the part of the defendant beyond 'mere proof of nonperformance or actual falsity.' [Citation.] This requirement prevents "'[o]rdinary commercial defaults"' from being transformed into a theft." (*Siry Investment, L.P. v. Farkhondehpour*, *supra*, 13 Cal.5th at pp. 361-362.) Although plaintiffs alleged defendants misrepresented facts to induce plaintiffs to loan money to defendants, "a mere unfulfilled promise or misrepresentation of fact is insufficient to establish an intent to steal." (*Id.* at p. 368 (conc. opn. of Groban, J.); cf. *id.* at p. 362 [defendants violated Penal Code section 496 by fraudulently diverting income from, and charging nonpartnership expenses to, a partnership, "with careful planning and deliberation reflecting the requisite criminal intent"]; *Bell v.*

12

*Feibush* (2013) 212 Cal.App.4th 1041, 1043 [defendant violated Penal Code section 496 by inducing the plaintiff to loan money based on false representations the defendant owned a trademark and needed money to settle a lawsuit].) Because plaintiffs did not allege defendants intended to steal, rather than borrow, money from the plaintiffs, plaintiffs did not allege sufficient facts to state a cause of action for violation of Penal Code section 496. (See *Los Defensores, Inc. v. Gomez, supra*, 223 Cal.App.4th at p. 393 ["the absence of essential factual allegations is fatal to a judgment against the defendant"]; *Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 829 ["'defendant who fails to answer admits only facts that are well pleaded'"].) Which, as we will discuss, affects plaintiffs' request for attorneys' fees.

> C. *Plaintiffs Submitted Sufficient Evidence of Their Damages*

Defendants argue the trial court erred in entering the default judgment because plaintiffs did not establish they were entitled to damages. As discussed, "'[p]laintiffs in a default judgment proceeding must prove they are entitled to the damages claimed.'" (*Kim v. Westmoore Partners, Inc., supra*, 201 Cal.App.4th at p. 288].) But the plaintiff need only make a prima facie showing of damages. (See *Johnson v. Stanhiser* (1999) 72 Cal.App.4th 357, 361-362 [trial court erred in applying a preponderance of the evidence standard].) We review an award of damages for substantial evidence. (See *Scognamillo v. Herrick, supra*, 106 Cal.App.4th at p. 1150; *Ostling v. Loring, supra*, 27 Cal.App.4th at p. 1746).

Each of the three plaintiffs submitted a declaration in support of the request for a default judgment. Each plaintiff

stated the date, principal amount, loan term, and interest rate for each loan and promissory note. Each plaintiff also stated that he transferred money to defendants, that defendants failed to repay the money, and the amount each defendant owed each plaintiff in principal and interest. The declarations of Wang, Kwok, and Zheng established a prima facie case they were entitled to damages in the amount of the principal and interest on each loan.[4]

Defendants argue that plaintiffs' declarations were insufficient and that plaintiffs' "only evidence that they suffered any damages is that they said they suffered damages." Without citing any authority, defendants assert plaintiffs had to provide "documentary or objective evidence," such as bank records, showing plaintiffs transferred the money to defendants. Incorrect. To obtain a default judgment, plaintiffs did not have to prove their entitlement to damages by a preponderance of the evidence; they only had to make a prima facie case for damages. (See *Johnson*, *supra*, 72 Cal.App.4th at p. 361.) Proving those damages by declaration was proper (see Code Civ. Proc., § 585, subd. (d)), even preferred under the applicable local rules (see Los Angeles Superior Court Rules, rule 3.201(a) ["[d]etermination of applications for default judgment on declarations . . . is the preferred procedure"].) Plaintiffs' declarations satisfied the requirement of Code of Civil Procedure section 585, subdivision (d), that the "facts stated in the . . . affidavits shall be within the personal knowledge of the affiant and shall be set forth with particularity."

---

[4]    As we will discuss, because the interest rate on some of the loans exceeded the maximum allowable rate under the California Constitution, the award of prejudgment interest must be reduced.

The cases defendants rely on are distinguishable. For example, in *Kim v. Westmoore Partners, Inc.*, *supra*, 201 Cal.App.4th 267 the plaintiff alleged the defendants failed to repay seven loans, but the "prove-up evidence consisted of nothing more than [plaintiff's] own conclusory demand for $5 million dollars from each defendant—a demand that bore absolutely no relationship to the allegations of his complaint." (*Id*. at pp. 287-288.) In *Scognamillo v. Herrick*, *supra*, 106 Cal.App.4th 1139 the court ruled the plaintiff's damages, which included payment for two surgeries, were speculative because the testimony of the plaintiff's physician about whether a second surgery would be required "could hardly have been couched in more speculative terms." (*Id*. at p. 1151.) Here, in contrast, the statements in plaintiffs' declarations regarding the amounts defendants owed them were consistent with the allegations of the complaint, and the damages were not speculative. (See *Sporn v. Home Depot USA, Inc.* (2005) 126 Cal.App.4th 1294, 1303 [if the trial court grants relief "consistent with that demanded in the pleadings," a defendant has no "standing to complain of the type of evidence offered in the prove-up"].)

D. *The Portion of the Judgment Awarding Usurious Interest Is Void*

Plaintiffs asked for, and the court awarded, prejudgment interest pursuant to the terms of the loan agreements and the promissory notes. Defendants argue the default judgment is void because it awarded plaintiffs prejudgment interest at rates pursuant to those agreements and notes as high as 18 percent, in violation of California usury law, which sets the maximum

15

allowable rate at 10 percent. Plaintiffs do not dispute the judgment includes usurious interest, but argue defendants forfeited the argument by failing to raise it in the trial court.

Issues not raised in the trial court are generally forfeited on appeal. (*Johnson v. Greenelsh* (2009) 47 Cal.4th 598, 603; *Colyear v. Rolling Hills Community Assn. of Rancho Palos Verdes* (2017) 9 Cal.App.5th 119, 137, fn. 5.) However, when a court grants relief it has no power to grant, it acts in excess of its jurisdiction. (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 661; *Grados v. Shiau* (2021) 63 Cal.App.5th 1042, 1050; *Falahati v. Kondo, supra,* 127 Cal.App.4th at p. 830.) "'[Q]uestions of jurisdiction are never waived and may be raised for the first time on appeal.'" (*Grados,* at p. 1050.) Thus, defendants did not forfeit their challenge to the portion of the judgment awarding interest at an unlawful rate. (See *Falahati,* at p. 831, fn. 18 [default judgment was void where the complaint did not state an amount of damages, even though the defendant did not raise the argument in the trial court].)[5]

Under the California Constitution, the maximum allowable interest rate is 10 percent. (See Cal. Const., art. XV, § 1; *Grados v. Shiau, supra,* 63 Cal.App.5th at p. 1054.) Plaintiffs alleged they entered into loans with defendants at rates of 10, 15, and 18 percent, and the trial court awarded prejudgment interest at those rates. The awards of prejudgment interest at 15 and 18

---

[5] We also have discretion to consider for the first time on appeal a question of law that, as here, does not depend on disputed facts. (*Matera v. McLeod* (2006) 145 Cal.App.4th 44, 59.)

percent were contrary to law and exceeded the trial court's jurisdiction, and that portion of the default judgment was void. (See *Grados*, at p. 1054 ["the award is contrary to law because it exceeds the constitutionally allowable maximum interest rate of 10 percent, and thus renders the default judgment void on its face"]; *311 South Spring Street Co. v. Department of General Services* (2009) 178 Cal.App.4th 1009, 1014 [award of postjudgment interest at a rate that violated the California Constitution "is void because it constitutes relief which the court had no power to grant"]; see also *Falahati v. Kondo, supra,* 127 Cal.App.4th at p. 830 [a default judgment is void "if the court granted relief which it had no power to grant"].) For the loans that purported to charge interest greater than 10 percent, plaintiffs were entitled to interest only at the legal rate and only after the maturity date of each loan, until the entry of judgment. "'The attempt to exact the usurious rate of interest renders the interest provisions of a note void. [Citation.] The usurious provisions, however, do not affect the right of the payee to recover the principal amount of the note when due. [Citation.] The inclusion of a usurious interest provision, therefore, results, in effect, in a note payable at maturity without interest.' Accordingly, the lender is entitled 'to interest at the legal rate from the date the note matures until the date of judgment.'" (*Grados*, at p. 1056; see *Epstein v. Frank* (1981) 125 Cal.App.3d 111, 123 ["the payee of a note with a usurious interest provision [is] entitled to damages in the nature of interest at the legal rate for that period of time which the obligor on the note withheld the principal beyond the date of maturity"].) Therefore, on remand the trial court must recalculate the amounts of prejudgment

interest, for the loans with usurious interest rates, at the rate of 10 percent from the dates the various loans matured.

E.    *The Trial Court Erred in Awarding Attorneys' Fees*

The trial court awarded plaintiffs $8,860 in attorneys' fees under Penal Code section 496, subdivision (c), which authorizes treble damages and reasonable attorneys' fees for receiving stolen property. Defendants challenge that award, arguing it "lacks legal support and substantive merit." As discussed, we agree with defendants that plaintiffs did not allege sufficient facts to state a cause of action under Penal Code section 496. Therefore, plaintiffs were not entitled to an award of attorneys' fees under that statute.[6]

---

[6]    Plaintiffs do not argue they were entitled to an award of attorneys' fees on any ground other than Penal Code section 496. Although plaintiffs mention in a footnote in their respondents' brief that "all of the subject loan agreements and promissory notes also provide for attorney's fees," mentioning an argument in a footnote is not "a serious effort to raise the issue on appeal." (*Stoll v. Shuff* (1994) 22 Cal.App.4th 22, 25, fn.1; see *Sabi v. Sterling* (2010) 183 Cal.App.4th 916, 947 ["Footnotes are not the appropriate vehicle for stating contentions on appeal."]; *People v. Crosswhite* (2002) 101 Cal.App.4th 494, 502, fn. 5 [undeveloped, perfunctorily asserted argument in a footnote was not sufficient to preserve the argument on appeal]; *Unilogic, Inc. v. Burroughs Corp.* (1992) 10 Cal.App.4th 612, 624, fn. 2 [mentioning an issue only in "one obscure textual reference" and one footnote did not preserve the issue on appeal].)

18

## DISPOSITION

The judgment is reversed. The trial court is directed to enter a new judgment that awards the plaintiffs prejudgment interest at the rate of 10 percent from the dates of the maturity of the loans with interest rates in excess of 10 percent and that does not include an award of attorneys' fees. EOS Petro's appeal is dismissed. The parties are to bear their costs on appeal.


                                    SEGAL, J.

We concur:


        PERLUSS, P. J.



        HOWARD, J.*

---

*       Judge of the Marin County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

19